No. 722.—ROBERT S. PERRY, Administrator, v. PARISH OF VERMILION.

Warrants for money drawn by the police jury on the parish are prescribed by the lapse of five years from the time they become due.

APPEAL from the Seventh District Court, parish of Vermilion. Porter, J. R. S. Perry, for plaintiff and appellee, Joseph H. Breaux, for defendant and appellant.

WYLY, J.    Plaintiff bases his action on certain warrants of the police jury of the parish of Vermilion held by him, and the court gave him judgment for the amount claimed.

The defendant has appealed.

In bar of the action the defendant pleaded the prescription of five years, the warrants being then over five years past due.    We think the judge *a quo* erred in not maintaining the plea of prescription.    Plaintiff declared upon the unconditional obligation of the defendant; it was prescribed, presumed to be paid.

We see no reason why the parish of Vermilion, a juridical person, should not, as well as any other person, be permitted to plead the prescription of five years against its warrants.    Prescription is a mode of extinguishing obligations, the same as payment and other modes; and we know of no law prohibiting the extinguishment of the obligation declared upon by prescription, or which prevents the parish from making the same defenses that any other person might make to a similar obligation.

The doctrine of novation resorted to, to evade the plea of prescription might apply as well to notes or drafts usually given by persons in evidence of debt.    It does not apply to this case.    The suit was not instituted upon the original debt, it was based on the warrants of the police jury.    They evidence the debt, whatever the consideration may have been, and they cannot establish it because of prescription.

It is therefore ordered that the judgment of the court *a qua* be reversed and annulled, and it is now ordered that there be judgment for the defendant, plaintiff paying all costs.