Baker v. Johnson County.

## Baker v. Johnson County.

33 151
83 433
33 151
84 604
33 151
92 431
33 151
96 614
33 151
133 180

1. Corporations: POWER TO MAKE VERBAL CONTRACTS : STATUTE OF LIMITATIONS. A corporation may make a verbal contract, the same as an individual.

2. —— Compensation being due from the general government to Johnson county, on account of swamp lands, a resolution of the board of supervisors was passed, that a swamp land agent should be elected to procure the allowance to the county of the claim, and that he should be allowed a certain compensation for his services. Under the resolution, the plaintiff was elected, and entered upon a performance of his duties. *Held*, that the contract of employment was, in a legal sense, no more than a verbal contract, upon which the statute of limitations commenced to run as such.

3. Statute of limitations: AGAINST A COUNTY. The statute of limitations, upon an unliquidated account against a county, commences to run from the time the account accrued, and not from the date of its presentation for allowance to the board of supervisors.

*Appeal from Iowa Circuit Court.*

WEDNESDAY, DECEMBER 22.

ACTION to recover compensation for services rendered by plaintiff in procuring proofs necessary to enable defendant to recover indemnity, in money and land scrip, due it for swamp lands sold by the general government within

the county. Plaintiff claims that he was employed by the
defendant, as its agent, for the purpose of obtaining such
indemnity, and that he has performed certain services as
such agent, for which the amount claimed by him is justly
due. The plaintiff, in order to prove his employment, as
agent of the county, and the amount of compensation
agreed to be paid him, introduced in evidence a record of
the proceedings of the board of supervisors, had on the 6th
day of June, 1861, which is in the following words, viz. :
" The committee on swamp lands having recommended
that a suitable agent be appointed to take the requisite
proofs, as soon as practicable, as to the amount due the
county from the general government, for swamp lands,
McCrory moved that a swamp land agent be elected by
ballot. By Patterson, *Resolved*, that the agent elected,
to secure compensation for the swamp lands in Johnson
county from the general government, be allowed, in pay-
ment of such service, five per cent of the money, and five
per cent for the scrip thus secured. Adopted." Plaintiff
was elected, under this resolution, the agent of the county,
as is shown by the same record. A copy of the record is
made an exhibit to plaintiff's petition. The defense set
up, besides a general denial of the allegations of the peti-
tion, is that the action is barred by the statute of limit-
ations. In addition to the record above recited, plaintiff
gave evidence establishing that he completed the perform-
ance of the services rendered under his appointment as
agent of the county, on the 18th day of October, 1861, and
that he presented his bill for the services to the board of
supervisors, for allowance, on the 16th of October, 1865.
This suit was brought on the 7th of June, 1870. There
was a verdict and judgment for plaintiff. Defendant
appeals.

*Gaston & Williams* for the appellant.

*Cloud & Broomhall* for the appellee.

BECK, J. — The court instructed the jury, in substance, that the action of the board of supervisors, as set out in the record of their proceeding, constituted a contract in writing and was not, therefore, barred by the statute of limitations. This ruling of the court is the foundation of the only error assigned and presented in argument by defendant's counsel. Its consideration demands our attention.

1. A corporation acts only through its proper officers. Its action, like the action of individuals, requires the exercise of determination, of will, which, however, can only be exerted by those intrusted with the duty of controlling its affairs. When called upon to act these officers think, reason, will and determine for it. In the case of an individual, determination to do a particular thing results from the exercise of his mind and is kept therein by the powers of memory. In the case of a corporation its determination is the act of its officers and is preserved in its records, or is proved otherwise by establishing the particular act of determination. The records of corporations should contain the decisions of the body, when made, upon all questions — they should be, as it were, its memory of purposes and intentions.

In the case before us, the county resolved, determined, to. employ an agent for the purposes mentioned, and to pay him the compensation named. This determination is preserved in the record before us. It is simply the record of the decision of the corporation, made by its proper officers upon the question presented to them for consideration and determination. It partakes of no characteristic of a contract. It is simply a declaration of the purpose of the county, to do certain things, preserved in writing. The fact, that the plaintiff was elected agent under this resolution so preserved, does not make it a contract. The acceptance of the agency by plaintiff, who knew the price which defendant had determined to pay for his services, and the offer of defendant to pay that sum, raises a con-

tract between them to the effect that plaintiff shall serve for the specified compensation. Suppose the case to have been that defendant had been elected agent and had been kept in ignorance of the price defendant had resolved to pay for his services, would the record of the board preclude him from recovering a greater sum, if the services should have been worth more? It is very plain that the recorded action of the supervisors is not, in itself, a contract, but that the acceptance and service of plaintiff under the terms therein set out raised a contract between the parties. That contract is not in writing. Its terms may be found in the record, but the contract itself is not found there. In the view of this question, taken by the court below, every contract made by a corporation or its officers under authority granted by resolution, entered of record, would be a written contract, and would be found in the recorded resolution itself. This result cannot be admitted. Corporations may make contracts, either written or verbal, within the scope of the powers granted by their charters. What the law regards as a verbal contract between individuals must be deemed to be of the same character when a corporation is a party thereto. The contract before us, as between individuals, if proved by the same character of evidence, would not be regarded a written contract. An illustration will make this plain. A, by written directions to his agent, informs him that he has determined to have a particular work performed, for which he will pay a stated price, and that he has selected B to do this work. The agent is directed, in the same writing, to carry out the will of the principal. Can it be pretended that as between A and B there exists a written contract, which is the written direction and authority to the agent? This is the precise case made by the record before us.

II. The plaintiff did not present his claim to the board of supervisors until October 16, 1865. A county cannot be sued upon an unliquidated claim until it has been pre-

sented to the board of supervisors and payment demanded. Chap. 93. Acts of 9th Gen. Assembly; *White* v. *Polk County*, 17 Iowa, 417. Plaintiff insists that, as he could not have brought suit until his claim was presented, the statute did not begin to run until that was done. But the statute begins to run when the cause of action accrues. Rev., § 2740, ¶ 1. Plaintiff's cause of action accrued upon the completion of his services, October 16, 1861, which was prior to the act above cited, requiring unliquidated claims to be presented to the board of supervisors before suit. He could have commenced his action before the statute was enacted.

But, under the statute, he had a right of action from October 16, 1861 — his cause of action at that date accrued. Before he could institute suit he was required to present his claim to the supervisors. This did not cut off his right of action, and it cannot be said that, because of the statute, his cause of action had not accrued before the account was presented to the supervisors. The statute simply requires that an additional step shall be taken, something else shall be done, in pursuing the remedy by action. It, by no means, interferes with the right of action.

In our opinion, the action was barred by the statute of limitations. The instructions given by the court were, therefore, erroneous. The judgment of the circuit court is

Reversed.

MILLER, J., took no part in the determination of the case.