## KINSEY v. LOUISA COUNTY.

Contract: RESOLUTION OF BOARD OF SUPERVISORS: STATUTE OF LIMITA-
TIONS. A resolution of the board of supervisors offering a bounty for
enlistments, and the acceptance of such resolution by a person enlisting
thereunder, constitutes a contract resting in parol, and an action thereon
is barred in five years. Following *Baker* v. *Johnson County*, 33 Iowa,
151.

*Appeal from Louisa District Court.*

FRIDAY, OCTOBER 24.

ACTION at law to recover a bounty for services in the United
States army, during the war of the rebellion, which plaintiff
claims under a resolution of the board of supervisors of
Louisa county, of date December 8, 1863. A demurrer to
the petition, on the ground that the action, as shown by the
petition, is barred by the statute of limitations, was sustained.
From the decision thereon plaintiff appeals.

*Hurley & Hale* for the appellant.

*D. N. Sprague* for the appellee.

BECK, Ch. J. — The defendant, by a resolution of its board
of supervisors, passed December 8, 1863, offered to pay
each soldier, who should enlist in the United States army,
and should be credited to the county upon its quota of troops
prior to the 5th day of January, 1864, the sum of $100
upon the presentation of evidence of enlistment and credit
as aforesaid.

Under this resolution and in compliance with its terms,
plaintiff enlisted and was credited to the county, and evidence
thereof was presented in compliance with the terms of the
resolution. Payment of $50 was made plaintiff upon the
bounty, September, 1866. The action was commenced March
30, 1872. These facts appear in the petition.

The contract existing between the plaintiff and defendant,
which arose upon the resolution of the defendant and plain-

tiff's acceptance, rests in parol. This point was ruled in *Baker.* v. *Johnson County*, 33 Iowa, 151, upon a state of facts identical in effect with those averred in the petition. It is there fully discussed, and demands no further consideration here. The contract sued on being verbal, recovery thereon is limited to five years. Rev., § 2740, p. 3. The district court correctly sustained the demurrer.

Affirmed.