## GOLDMAN v. CONWAY COUNTY.

*(Circuit Court, E. D. Arkansas.  October Term, 1881 )*

1. COUNTY INDEBTEDNESS—WHEN STATUTE OF LIMITATIONS BEGINS TO RUN.
   Where a county may be sued on its ordinary warrants and compelled by *mandamus* to levy a tax to pay them, the statute of limitations begins to run against such warrants from the date of their issue.

The plaintiffs' cause of action is ordinary county warrants, in the form prescribed by statute, issued before the thirtieth day of October, 1874, and presented to the county treasurer for payment, and by him indorsed "not paid for want of funds," more than five years before the commencement of this suit. The statute of limitations of this state declares that "actions on promissory notes and other instruments in writing," and all actions not specifically named in the act, shall be barred in five years after the cause of action accrued. Gantt's Digest, §§ 4125, 4129. The county pleaded the statute of limitations in bar of the action. The plaintiffs demurred to the plea.

*Clark & Williams,* for plaintiffs.

*John Fletcher,* for defendant.

CALDWELL, D. J. It is well settled that counties may plead the statute of limitations to actions founded on contracts and unliquidated demands. Dillon, Mun. Corp. § 533; *Baker* v. *Johnson Co.* 33 Iowa, 151. Such a plea may be interposed by a city to an action upon its notes. *De Cordova* v. *Galveston,* 4 Tex. 470. And in Louisiana it is held to be a good plea to an action on warrants issued by the police jury of the parish, which are analogous to, if not identical with, our county warrants. *Perry* v. *Parish of Vermilion,* 21 La. Ann. 645. And the statute begins to run against interest coupons attached to negotiable bonds, issued by municipal corporations, from the time they mature, although they remain attached to the bond which represents the principal debt. *Amy* v. *Dubuque,* 98 U. S. 470.

In this state counties are declared to be bodies corporate, with power to contract, and sue and be sued. This carries with it the right, when sued, to interpose every defence, legal and equitable, which it may have, including the statute of limitations. Not only are counties and all municipal corporations in this state within the protection afforded by the statute of limitations, but the state as well.

An act passed in 1855 and still in force declares that "lapse of time and statutes of limitations shall apply in suits against the state in like manner as suits against individuals, and may be pleaded and relied on with like effect." Section 5677, Gantt's Digest. This provision clearly indicates a state policy favorable to statutes of repose.

It is not seriously contested that a county may avail itself of this defence generally, but it is said not to be applicable to this class of paper. The force of this argument depends on the legal characteristics of these warrants under the laws of the state where issued.

Where a county is not liable to be sued on such warrants, and cannot be coerced to levy a tax for their payment, the statute probably would not run against them; and the cases of *Justices* v. *Orr,* 12 Ga. 137, and *Carroll* v. *Board of Police,* 28 Miss. 38, decide this and no more. But it is the settled law of this court that suit may be maintained on the class of warrants here sued on, and that under section 10 of article 16 of the constitution of 1874 the county court may by *mandamus* be compelled to levy a tax, not to exceed the limit prescribed by that section, to pay a judgment recovered thereon. *Shirk* v. *Pulaski County,* 4 Dill. 209, and note.

It is also settled that the orders of allowance, in pursuance of which such warrants are issued, have not the force of judicial judgments which estop or conclude the county, and that every holder of such paper takes it subject to all defences the county would have against the original payee. Id. They are *prima facie* evidence of indebtedness, upon which suit may be maintained, and the county coerced to levy a tax to pay them; and, where this is the law, they stand on the same footing, so far as relates to the statute of limitations, as bonds, coupons, or other demands which confessedly fall within the statute.

The warrants are due and payable on the day they are issued, and the statute runs from that date. If construed to be payable on demand, they would be payable at once, and the statute would run from their delivery. *Palmer* v. *Palmer,* 36 Mich. 487. When they were presented to the treasurer and indorsed by him, as then required

by law, the statute run from that date. It is no answer to the plea to say the treasury of the county never contained funds to pay the warrants. They were a legal tender in payment of taxes, and it was open to the plaintiff, by appropriate judicial proceedings, to compel funds to be placed in the treasury for their payment, and the right of action accrued when the warrants were issued, and not when there were funds in the treasury for their payment. Where a contract was made for work, payable out of a public fund, it was held the statute began to run from the time the work was completed, although the fund was not then raised. *Emery* v. *Day*, 1 Crompton, M. & R. Ex. 245.

The statute of limitations is one of repose. It is not based on presumption of payment, but on the impolicy of permitting state demands and transactions long past to be made the subject of judicial inquiry; and hence, neither indisposition nor inability of the debtor to pay is an answer to the plea. There is the same reason for giving counties the benefit of it as individuals. It is not always true that outstanding warrants have never been paid by the county, or that they ought to be paid. It not unfrequently occurs that they are issued illegally and without consideration, and the records of this court disclose the fact that warrants once redeemed were afterwards fraudulently withdrawn and put in circulation. The county is as likely to be deprived of the evidence of such facts by lapse of time as an individual, and for that reason should have the same protection from the statute. The form of warrant prescribed by statute contains no seal. There is no statute in terms requiring the clerk to affix the county seal to such instruments, and it is not affixed to the warrants sued on; so that the question of the period required to bar sealed instruments does not arise in this case.

The question whether warrants are valid without a seal was not argued and is not decided.

Demurrer overruled.