The Board of Commissioners of Marion County *v.* Shipley.

NO. 9490.

THE BOARD OF COMMISSIONERS OF MARION COUNTY *v.* SHIPLEY.

STATUTE OF LIMITATIONS.—*Offer of Bounty.—Contract.—Case Overruled.*
—An offer of bounty to volunteers for military service, entered upon
the records of a county board, in 1863, and the acceptance of the offer
by enlistment according to the conditions of the order, do not constitute
a contract in writing within the meaning of the statute of limitations,
sec. 211 of the code.    *Sithin* v. *The Board, etc.,* 66 Ind. 109, overruled
on this point. .

SAME.—Such a contract, resting partly in writing and partly in parol, is
regarded in law as an oral contract, to which the six-year period of lim-
itation applies.

From the Marion Circuit Court.

*A. C. Harris,* for appellant.
*F. W. Morrison,* for appellee.

WORDEN, J.—The appellee filed his petition before the
board of commissioners of Marion county, alleging that, on
or about the 18th day of November, 1863, the said board
passed the following order, viz. :

"The board also orders that said county auditor issue to
each volunteer sworn, enlisted and mustered into the service
of the United States, under the last call of the President
for volunteers, to the extent of Marion county's quota, and
for which Marion county shall have all and full credit, an
order for the sum of one hundred dollars out of the county
treasury, upon certificate in each case of the above facts
from Alexander H. Conner, commander of the post."

The petition further alleged that, on the 1st day of Janu-
ary, 1864, he was sworn, enlisted and mustered into the
service of the United States, under the call of the President
for volunteers, of the date of October 17th, 1863, which
was the last call of the President of the United States for
volunteers prior to the passage of the said order, and that
he was credited upon the quota of said county under the
said call of the President, by means whereof he became en-
titled to the sum of money offered by the said order ; that,

in January or February, 1864, he demanded of the auditor of said county an order on the treasurer of the county for the sum of one hundred dollars, which demand was refused, and the claim is due and unpaid.   Wherefore, etc.

The claim having been disallowed by the board of commissioners, the petitioner appealed to the circuit court, where judgment was rendered in his favor for the amount of the claim and interest.   In the circuit court the defendant, the Board of Commissioners, filed an answer of several paragraphs, one of which only it will be necessary to notice in this opinion.

The third paragraph of answer set up the statute of limitations of six years.  This paragraph was held insufficient on demurrer for want of facts, and the defendant excepted. The ruling on the demurrer is brought in review by an assignment of error.

We have the following provisions in the code of 1852:

"Sec. 210.  The following actions shall be commenced within six years after the cause of action has accrued, and not afterwards :   *First.*   On accounts and contracts not in writing."   *   *   *

"Sec. 211.  The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards : * * * *Fifth.*  Upon contracts in writing, judgments of a court of record, and for the recovery of the possession of real estate—within twenty years."

It is thus seen that actions "on contracts not in writing" are barred in six years; while actions "upon contracts in writing" are not barred until the expiration of twenty years. The Legislature have thought that a period of six years is long enough in which to bring an action on a contract resting in parol, the terms or existence of which must be ascertained from the memory of witnesses, and not from the written stipulations of the parties.

A contract can not be said to be in writing within the meaning of section 211, above noticed, so as to run twenty years, unless the parties thereto, as well as its entire terms and stipulations, can be gathered from the instrument itself, or from some other written instrument referred to therein, without the aid of parol evidence to ascertain either. If parol evidence has to be resorted to in order to ascertain the parties to a contract or its terms, the reason for extending the period of limitation to twenty years fails; and, though the contract may be partly in writing, yet, as it rests partly in parol, the six-year period of limitations applies as well as if the contract had rested entirely in parol. A writing purporting to be a contract, without designating the parties to it, does not satisfy the statute of frauds. *Grafton* v. *Cummings*, 99 U. S. 100. In that case Grafton had signed a paper stating that he acknowledged himself to be the purchaser of certain real estate known as the "Glen House," which had been sold at auction, and binding himself to comply with the terms and conditions of the sale, but it did not state the name of the vendor. It was held that the instrument was not valid as a contract, for the reason stated in the following paragraph taken from the opinion. The court said: "There can be no bargain without two parties. There can be no valid agreement in writing without these parties are named in such manner that some one whom he can reach is known to the other to be bound also. No one is bound in this paper to sell the 'Glen House,' or to convey it. No one is mentioned as the owner, or the other party to this contract. Let it be understood that we are not discussing the question of mutuality in the obligation, for it may be true that if a vendor was named in this paper, the offer to perform on his part would bind the party who did sign. But Grafton did not agree to buy this property of anybody who might be found able and willing to furnish him a title. He was making a contract which required a vendor and a vendee

at the time it was made, and he is liable only to that vendor. The name of that vendor, or some designation of him which could be recognized without parol proof extraneous to the instrument, was an essential part of that instrument to its validity."

There are cases, in which a written memorandum signed by the party sought to be charged is sufficient to satisfy the statute of frauds, the memorandum not being regarded as the contract, but as evidence tending to establish it, the contract itself being deemed an oral one. Browne Statute of Frauds, 4th ed., sections 344, 344a, 345a, 352a, 354a.

The order entered by the board of commissioners was not a complete contract. Indeed, it was no contract at all. There was no party to it except the board. It was a mere offer in writing to any person who might volunteer and be credited to Marion county, as therein stated. It might, doubtless, have been withdrawn entirely before any one had volunteered and been credited as provided for. Until some one had accepted the offer by volunteering and had been credited in accordance with the terms of the offer, no binding contract existed. But the acceptance of the offer, as above stated, could only be shown by evidence extraneous to the order of the board. The offer of the board and its acceptance by the appellee, by complying with its terms, constituted a valid contract; but it existed in writing so far as the offer was concerned, and in parol so far as its acceptance was concerned. It became a contract partly in writing and partly oral. Such contracts are regarded in law as oral contracts. Bishop Con., secs. 58, 62.

The case, in principle, is entirely like that of *Kalamazoo, etc., Works* v. *Macalister*, 40 Mich. 84. There the corporation had passed and entered upon its records the following resolution:

"*Resolved*, That Mr. N. M. Macalister be appointed superintendent of the Kalamazoo Novelty Manufacturing Com-

pany for the term of two years, provided he gives satisfaction to the company, at a salary of fifteen hundred dollars per annum. On ballot Mr. Macalister was duly elected and declared superintendent.''

Macalister having sued for his salary, a question arose as to the effect of the resolution, and the court said of it: ''Moreover, the position that the resolution embodied a contract was *prima facie* untenable. It did not contain the mutual assent of the parties. It did not purport to be their joint utterance or the manifestation of their accordant wills, and Macalister's counsel did not understand that it did. He conceived it to be necessary to go outside and give oral evidence of extrinsic facts to connect Macalister with it and link together written and unwritten matter. The resolution was a declaration by the company, and which might have been withdrawn or altered before acceptance, and it belongs to those mixed transactions where part is in writing and part not, and to which consequently the rule referred to'' (the rule that a written contract can not be varied by parol evidence) ''does not apply so as to exclude oral testimony of what lies in such proof.''

In *Baker* v. *Johnson Co.*, 33 Iowa, 151, a resolution was passed by the board of supervisors, that a swamp land agent be appointed for certain purposes, who should be allowed a certain compensation for his services. Under the resolution, the plaintiff was elected and entered upon the discharge of his duties. *Held*, that the contract of employment was, in a legal sense, no more than a verbal contract, upon which the statute of limitations commenced to run as such.

So, again, in *Kinsey* v. *Louisa Co.*, 37 Iowa, 438, it was held that the contract arising from the offer of a bounty, similar to that involved here, and its acceptance, rested in parol, and that the statute of limitations ran against it accordingly. See, also, *Overshiner* v. *Jones*, 66 Ind. 452.

We are clear that the demurrer to the paragraph of answer in question should have been overruled. This point was decided the other way in the case of *Sithin* v. *The Board, etc.*, 66 Ind. 109, but the point was not elaborately argued or considered in that case. Upon fuller argument and consideration, we are satisfied that we fell into an error in that case upon the point in question, and in respect to this point that case must be overruled.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.