## HULBERT v. ATHERTON.

1. **Contract**: WRITTEN OFFER AND ORAL ACCEPTANCE: STATUTE OF LIMITATIONS. Where a proposition is in writing, and the acceptance of it is oral, the contract is an oral contract, and an action thereon is barred after the lapse of nearly nine years. So *held* in this case, where defendant made a proposition by letter to the plaintiff, and the plaintiff wrote to a third party to accept it, if he could not get better terms, and the acceptance by such third party was oral.

*Appeal from Dubuque District Court.*

THURSDAY, JUNE 15.

THIS action was commenced February 8, 1881. The plaintiff alleges in his petition that on May 7, 1871, he, the defendant, and A. S. Davis and Marshall Kingman formed a copartnership under articles authorizing either party to withdraw at the end of six months, taking one-fourth part of the value of the stock and assets, the remaining partners being required to pay such retiring partner for his interest in the assets, after paying the debts of the firm, within three months after the retirement; that in November Kingman retired and received his share of the stock and assets; that subsequently, on November 17th, 1871, plaintiff retired, but received no portion of his share of the stock or assets; that afterward Davis retired, leaving the defendant, Atherton, the sole member, and in possession of all the stock and assets; that afterward it was agreed by defendant that there was due from him to the plaintiff, as his share and interest in the stock and assets under said articles, the sum of $800, which

agreement or admission by defendant was in writing, and was in writing accepted and agreed to by plaintiff; that plaintiff is unable to set out a copy of said writing as the same has been lost.

The defendant, amongst other defenses, pleaded the statute of limitations.

There was a jury trial, resulting in a verdict for plaintiff for $800, with interest from May 1st, 1872, at ten per cent. Judgment was entered upon this verdict for $1,552.32. The defendant appeals.

*Hurd & Daniels*, for appellant.

*S. P. Adams*, for appellee.

DAY, J.—The testimony introduced on behalf of the plaintiff tends to establish the following facts: About June, 1872, the plaintiff received a letter from the defendant in which he said that, without looking the matter over thoroughly, he had concluded to make plaintiff an offer of $800 for his interest in the concern, and would pay him that amount.

The plaintiff thereupon wrote a letter to his brother-in-law, Mr. Amsden, of Dubuque, requesting him to see Mr. Atherton, and if he felt that that was the best plaintiff could do, to accept the offer.

Upon receipt of the letter Mr. Amsden went to Mr. Atherton, and either read the letter to him, or told him its contents, and tried to get him to admit that the plaintiff ought to have more than $800, and then accepted his offer. The court properly instructed the jury that it must be established that Davis, as the remaining partner in the firm, agreed that plaintiff's interest on retiring should be $800, that this agreement on the part of the defendant was in writing, and also that plaintiff accepted the defendant's offer in writing. The letter of the defendant, according to the testimony of the plaintiff, was a mere offer, not binding upon either party until accepted. The letter written by plaintiff to Amsden was in

no sense an acceptance of defendant's offer. It was simply a constituting of Amsden as plaintiff's agent, with directions to obtain better terms if he could, and if he became satisfied that he could not, to accept the defendant's offer. Amsden does not make any claim that he accepted the defendant's offer in writing. If he accepted it at all, the evidence shows that it was a mere verbal acceptance. Where a proposition is in writing and the acceptance is verbal, the contract is an oral contract. See *Commissioners of Mason County v. Sheply*, Albany Law Journal, February 18th, 1882, and authorities cited; *Wright v. Weeks*, 25 N. Y., 153.

As the contract sued upon was in parol, and the action was not instituted until nearly nine years after the alleged acceptance of defendant's offer, it follows that the action is barred by the statute of limitations. The verdict is not sustained by the evidence, and, upon that ground, the court should have set it aside. This view of the case renders it unnecessary to consider the other errors assigned.

REVERSED.