# THE RAILWAY PASSENGER AND FREIGHT CONDUCTORS' MUTUAL AID AND BENEFIT ASSOCIATION

*v.*

## ANN E. LOOMIS.

*Filed at Ottawa October 31, 1892.*

1. BENEFIT SOCIETY—*contract implied.* Where a mutual benefit association issues a certificate of membership which contains no promise to pay to any one, but the constitution and by-laws of the association provide for the payment of a sum, on the death of a member, to the person named in his will, if he leaves one, otherwise to his widow, and if he leaves no widow then to his heirs-at-law, and the member pays all assessments as required, and dies leaving no will, but a widow, a contract to pay the benefit money to the widow will be implied by law.

2. SAME—*parol evidence to connect beneficiary with contract.* A certificate of membership in a mutual benefit association merely certified that the holder was a member, but contained no promise to his wife or widow, and acknowledged no liability to her. An article of the constitution of the association provided that the benefit money to be paid on the death of a member might be disposed of by will, otherwise it should be paid to his widow, and in case he should leave no widow, then to his legal heir: *Held,* that in an action by the widow of a deceased member to recover the benefit money provided for in the constitution and by-laws of the society, parol evidence was necessary to connect the plaintiff with the contract as a party thereto, by showing that the deceased member left no will, but left a widow, and that the plaintiff was such widow.

3. SAME—*promising payment to the "widow" of the member—parol proof admissible.* An undertaking by a benefit association which does not specify the beneficiary by name, but only provides for "widows" to be paid a certain sum on the death of the holder of the certificate of membership, by a general provision, is not a contract in writing with the widow of such deceased member, as parol evidence is necessary to show that the deceased left a widow, and that the party seeking its enforcement is his widow.

4. CONTRACT—*designating payee as one of a class.* Where a contract for the payment of money fails to designate the payee by name, but describes him as one of a class of persons, parol evidence is admissible to show that the person suing is the one intended by the parties to be paid, and thus connect him with the contract.

5. If one of the persons interested in a written contract is not named therein, the contract is defective, as containing only a part of the agreement. In such case the agreement is only partly reduced to writing, because parol evidence must be resorted to in order to show with whom the bargain was made.

6. SAME—*partly in writing—whether a written or oral contract.* A written contract is one which, in all its terms, is in writing. A contract partly in writing and partly oral is, in legal effect, an oral contract. The contract can not be said to be in writing unless the parties thereto, as well as the terms and provisions thereof, can be ascertained from the instrument itself.

7. If an agreement, as set forth in writing, is so indefinite as to necessitate a resort to parol testimony to make it complete, in applying the Statute of Limitations it must be treated as an oral contract.

8. LIMITATIONS—*party estopped from availing of.* Where an insurance company leads the other party to delay the bringing of suit, or to dismiss a suit already pending, by holding out hopes of adjustment, or by making promises to pay, it will be estopped from taking advantage of such delay or dismissal by pleading the Statute of Limitations.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

This is an action of assumpsit, begun in the Circuit Court of Cook County on May 20, 1889, by the appellee against the appellant Association, to recover the benefits, or life insurance, claimed to be due to her by reason of the death of her husband, H. H. Loomis. The trial in the Circuit Court resulted in a verdict and judgment for $2500.00 in favor of the plaintiff, which judgment has been affirmed by the Appellate Court. The judgment of the latter court is brought up for review by appeal.

The declaration, as originally filed, contained two special counts and the common counts. Afterwards, by leave of court, two additional counts were filed. The first count alleges, that the defendant on November 16, 1880, issued to H. H. Loomis the certificate of membership hereinafter mentioned, and, by virtue thereof, and by the terms and conditions of the consti-

36—142 ILL.

tution and by-laws of the defendant Association, promised and agreed to pay plaintiff the sum of $2500.00 upon the death of the said H. H. Loomis; that plaintiff was the wife of said H. H. Loomis at the date of said certificate and from that date to the time of his death; that he died on July 10, 1883; that satisfactory proof was produced to the defendant of his death; that plaintiff was wholly dependent upon him for support; that he and she have observed and kept all the requirements of said certificate and constitution and by-laws, etc. The second and third counts are not materially different from the first, except that the latter avers, that H. H. Loomis was a member in good standing of said Association, etc., and that the sum of $2500.00 was to be the proceeds of an assessment to be levied upon the surviving members of the Association. The fourth count contains all the material averments of the others, and, in addition thereto, sets out, *in hæc verba*, said certificate of membership, and the preamble and articles 7 and 8 of said constitution, and articles 4, 5 and 10 of said by-laws, which are as follows:

"*No. 2268.—Railway Passenger and Freight Conductors' Mutual Aid and Benefit Association for the United States and Canada, organized under the Laws of the State of Illinois, Charter granted December, 1874.*

CHICAGO, *Nov. 16, 1880.*

"This is to certify that H. H. Loomis, residence, Basil, Ohio, is a member of the Railway Passenger and Freight Conductors' Mutual Aid and Benefit Association.

"Given under our hands and the seal of the association affixed.    J. G. SHERMAN, *President,*

(Seal)    C. HUNTINGTON, *Sec'y and Treas.*"

### PREAMBLE.

"We, the Passenger and Freight Conductors of the United States and Canada, in order to establish and maintain an association which shall provide for the widows and children,

heirs or representatives of those of our members who may lose their lives, die or become permanently disabled, do ordain and establish this constitution for our association."

## ARTICLE VII.

"In no case shall a greater sum than twenty-five hundred dollars be paid to a member, or his heirs entitled to receive the same, on account of death or disability, and all moneys realized from said assessment over and above that sum shall be paid into the treasury of the association for the general purposes of its business. And should the money in the treasury of the association at any time reach the sum of twenty-five hundred dollars in excess of the amounts required, from time to time, for general purposes, the same shall be appropriated to the payment of the assessments then next due, and the members shall be exempt from the payment of said assessments."

## ARTICLE VIII.

"The membership of this association shall be limited to fifteen hundred. The amount of benefit money not to exceed two thousand five hundred dollars. The assessment at all times to be two dollars and fifty cents per member."

## ARTICLE IV.

"The local secretary of each road or division shall, in case of the death of any member, after having received a certificate of the death of said member signed by the attending physician, and with a certificate signed by the undertaker who prepared the body for burial, both having been duly sworn to before a justice of the peace or notary public, forward the same to the secretary, whose duty it shall be to present the same to the board of directors, and, with their indorsement and the approval of the president, shall notify the local secretary of each road or division of a road, who will assess each member of said road or division of a road the sum of two dollars and fifty cents each, and send such sums of money so collected to the secretary and treasurer."

## Article V.

"The secretary shall, within thirty days after such collections have been made forward the amount to the legal heirs or representatives of the deceased members, and, through the local secretary of said road or division, they shall acknowledge and give lawful receipt for the amount of money thus paid and received."

## Article X.

"The benefit money to be paid in case of the death of any member of this association may be disposed of by his last will and testament, otherwise it shall belong to and be paid to his widow, or in case he shall leave no widow, then to his legal heirs or representatives, and in the absence of said will, and in case such member leaves no widow, heirs or legal representatives, such benefit money shall revert to the association."

The defendant filed the plea of the general issue, and six other pleas. The second plea was a plea of the statute of limitations, averring that the action was upon an unwritten contract, and that the cause of action did not accrue within five years next before the commencement of the suit. To the second plea the plaintiff filed two replications: one, averring that the cause of action was based upon a written contract, and not upon an unwritten contract; the other, averring that the cause of action did accrue within five years next before the commencement of the suit.

Messrs. Miller & Starr, for the appellant:

The plaintiff's cause of action was barred by the five years' Statute of Limitations. Rev. Stat. chap. 83; *Plumb* v. *Campbell*, 129 Ill. 101; *Kauz* v. *Improved Order of Red Men*, 13 Mo. App. 341; *Insurance Co.* v. *Arbuckle*, 32 Ill. App. 369; *Railroad Co.* v. *Miller*, id. 259; *Jerome* v. *Williams*, 13 Mich. 526; *Hulburt* v. *Atherton*, 59 Iowa, 91; *Marion* v. *Shipley*, 77 Ind. 553; *Kinsey* v. *Louisa Co.* 37 Iowa, 438; *Baker* v. *John-*

*son Co.* 33 id. 151; *Lamb* v. *Withrow,* 31 id. 164; *Rankin* v. *Schaeffer,* 4 Mo. App. 108.

Contracts needing oral testimony to make them out are unwritten, for all purposes. Bishop on Contracts, sec. 164; *Briggs* v. *Railroad Co.* 31 Vt. 211; *Railroad Co.* v. *Maddox,* 18 Kan. 546; *Novelty Manf. Works* v. *McAllister,* 40 Mich. 84.

The same rule applies to contracts needing oral testimony to make them out, under the Statute of Frauds. *Grafton* v. *Cummings,* 99 U. S. 100; *Dwight* v. *Pomeroy,* 17 Mass. 303; *Lang* v. *Henry,* 54 N. H. 57; *Dana* v. *Hancock,* 30 Vt. 616; *Wright* v. *Weeks,* 25 N. Y. 153; Browne on Statute of Frauds, (4th ed.) sec. 372.

The decision of the board of directors rejecting plaintiff's claim was final. *Rood* v. *Benefit Ass.* 31 Fed. Rep. 62; *Black* v. *Vandyke,* 2 Whart. 309; *Toram* v. *Howard Ass.* 4 Pa. St. 519; *Commonwealth* v. *Benefit Society,* 8 W. & S. 247; *Hummel's Appeal,* 78 Pa. St. 320; *Karcher* v. *Supreme Lodge,* 137 Mass. 368; *Anacosta Tribe* v. *Murbach.* 13 Md. 94; *Osceola Tribe* v. *Schmidt,* 57 id. 97; *Griggs* v. *Medical Society,* 111 Mass. 185; *Robinson* v. *Yates City Lodge,* 86 Ill. 598; *Fisher* v. *Board of Trade,* 80 id. 85; *Rice* v. *Board of Trade,* id. 134; *Baxter* v. *Board of Trade,* 83 id. 146; *Sturges* v. *Board of Trade,* 86 id. 441; *State* v. *Odd Fellows,* 8 Mo. App. 188.

Mr. SIDNEY C. EASTMAN, and Mr. GEORGE E. SWARTZ, for the appellee:

The action is upon a written contract, and is not barred by the statute. Rev. Stat. chap. 83, sec. 16; *Railroad Co.* v. *Johnson,* 34 Ill. 389; *Jassoy* v. *Horn,* 64 id. 379; *Schalucky* v. *Field,* 124 id. 617; *Bank* v. *Coleman,* 11 Bradw. 508; *Ames* v. *Moir,* 27 Ill. App. 90; 130 Ill. 582; *Fleischer* v. *Rentchler,* 17 Bradw. 402; *Cochrain* v. *Oliver,* 7 id. 176; *Wing* v. *Evans,* 73 Iowa, 409; *Memory* v. *Niepert,* 131 Ill. 623; *Ashley* v. *Vischer,* 24 Cal. 322.

A written contract may be contained in several separate papers. Bishop on Contracts, sec. 165; *Bradley* v. *Marshall,* 54 Ill. 173.

The action accrued within five years from the time the suit was brought. Bacon on Benefit Societies, sec. 445; *Derrick* v. *Lamar,* 74 Ill. 404; *Insurance Co.* v. *Myer,* 93 id. 271.

The action of the board of directors in rejecting plaintiff's claim does not deprive the court of jurisdiction nor the plaintiff of her day in court. Bacon on Benefit Societies, secs. 71, 87, 94, 123, 450, and authorities cited; Greenwood on Public Policy, rule 379, p. 466.

Benevolent societies doing a life insurance business are, in respect to such business, subject to the same rules and principles of law as ordinary life insurance companies. *Rockhold* v. *Benevolent Society,* 129 Ill. 440; 11 May on Insurance, sec. 550 a; Bacon on Benefit Societies, secs. 51, 52; *Goodman* v. *Jedidiah Lodge,* 67 Md. 117.

Failure of the directors to order an assessment does not preclude appellee. Niblack on Mutual Benefit Societies, secs. 392, 397, 401; *Hankinson* v. *Page,* 31 Fed. Rep. 184.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

The only question in this case, which we deem it material to consider, is whether the action is barred by the statute of limitations. H. H. Loomis died on July 10, 1883. Plaintiff's claim was rejected by the board of directors of the defendant Association on November 14, 1883; and notice of such rejection was given her on November 19, 1883. More than five years elapsed after each of these dates before the beginning of the present suit on May 20, 1889. Section 15 of the Limitation Act is as follows: "Actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property real or personal, or to recover the possession of personal property or damages for

the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." The first clause of Section 16 of the same Act is as follows: "Actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within ten years next after the cause of action accrued."

Unless the present action is on a written contract, or other evidence of indebtedness in writing, the sixteenth section can have no application to it. "A written contract is one, which, in all its terms, is in writing. A contract partly in writing and partly oral is, in legal effect, an oral contract." (Bishop on Contracts, secs. 163, 164.) If there is a written contract in this case, it must consist of the certificate of membership and the constitution and by-laws. The certificate merely certifies, that H. H. Loomis is a member of the Association. It contains no promise to his wife or widow. It acknowledges no liability to her. It does not mention her. It names no particular person as beneficiary. (*Palmer* v. *Welch*, 132 Ill. 141; *United Workmen et al.* v. *Zuhlke*, 129 id. 298; *Independent Order of Foresters* v. *Zak*, 136 id. 185.) Nor do the constitution and by-laws refer to her in any way. They are general in their terms, and contain provisions intended to apply to all the members of the Association. It is clear, therefore that parol testimony must be resorted to, in order to connect the plaintiff with the contract as a party thereto. It must be shown by parol evidence, that Loomis did not leave a will, and that he did leave a widow, and that plaintiff is his widow.

A contract cannot be said to be in writing, unless the parties thereto, as well as the terms and provisions thereof, can be ascertained from the instrument itself. If the party to a written contract is not named therein, the contract is defective as containing only a part of the agreement. In such case, the agreement is only partly reduced to writing, because parol

proof must be resorted to, in order to show with whom the bargain was made. (*Wright* v. *Weeks*, 25 New York Rep. 153; *Grafton* v. *Cummings*, 99 U. S. 100; *The Board of Comrs. of Marion Co.* v *Shipley*, 77 Ind. 553.) In *Plumb* v. *Campbell*, 129 Ill. 101, the instrument, held to be a written contract, contained the names of both the parties thereto. In *Ames* v. *Moir*, 130 Ill. 582, one of the reasons, given for holding the instrument therein set forth to be a written contract, was stated as follows: "From the face of the paper the parties to the contract are plainly indicated." In *Memory* v. *Niepert*, 131 Ill. 623, in specifying the elements going to make up a completed written contract, it is said: "The names of the contracting parties are given," etc.

In *Plumb* v. *Campbell*, *supra*, we said: "If it be true that the agreement, as set forth in writing, is·so indefinite as to necessitate resort to parol testimony to make it complete, the law is, that, in applying the Statute of Limitations, it must be treated as an oral contract."

The certificate of membership and the constitution and by-laws of the Association, considered as constituting a contract in writing, are so indefinite, that parol testimony must be resorted to, before it can be determined what person has a right to enforce the contract. The oral evidence here required is something more than that which is needed for the mere purposes of identification. If the certificate here had certified, that "H. H. Loomis is a member in good standing, and that upon his death, his wife, Ann E. Loomis, will be entitled to the benefit fund provided by our constitution and by-laws," then testimony, that the plaintiff in this case was the Ann E. Loomis referred to in the paper, would be admissible as simply identifying the person suing with the person named in the certificate; such testimony would not detract from the character of the instrument as a written contract. But the constitution and by-laws merely designate in a general way certain classes of persons, who will be entitled to the benefit fund upon the

death of a member; and parol evidence must be introduced
to show that the plaintiff belongs to one of the designated
classes. It must be proven by parol, not that the plaintiff is
the particular person named in a certain writing, but that
she possesses the qualifications which, under the constitution
and by-laws, all persons must possess, who are entitled to
receive the benefit fund. Hence, the written contract here
sought to be set up is defective in necessitating the introduc-
tion of parol testimony in order to make it complete.

The observations here made as to written contracts apply
with equal force to "evidences of indebtedness in writing."
The writing, which evidences an indebtedness, must not only
contain the acknowledgment of a liability, but must also show
upon its face the party from whom the indebtedness is due
and the party to whom the indebtedness is due. It has been
held that a depositor's bank-book kept in the usual form is an
evidence of indebtedness in writing. (*Schalucky* ·v. *Field*, 124
Ill. 617). Such a book contains the name of the Bank as the
debtor and the name of the depositor as the creditor, and the
entries of the deposits are acknowledgments of liability to pay.
(*Ashley* v. *Vischer*, 24 Cal. 322; *Wing* v. *Evans*, 73 Iowa, 409).
As the plaintiff is not named as a party in the certificate of
membership and constitution and by-laws, the latter can no
more be regarded as an evidence of indebtedness in writing to
her, than they can be regarded as a written contract with her.

That an undertaking by an association of this kind, which
does not specify the ·beneficiary by name, but only provides
for "widows" by a general provision, is not a contract in writ-
ing with the plaintiff, has been decided in *Kauz* v. *Great
Council of Improved Order of Red Men*, 13 Mo. App. Rep. 341,
where the Court say: "It appears from the charter of defend-
ant that $500 is payable to the widow on the death of a mem-
ber in good standing. This sum is payable within one month
after notification and proof of death. Each member is to pay
$1.50 monthly, besides assessments, and if in arrears for

more than thirteen weeks, shall be excluded from all benefits, and not entitled to same until after the lapse of one month from the day on which arrears are paid. * * * There is no conflict in the evidence. Plaintiff was on July 7, 1874, the wife of Karl Kauz, who was then a member of the corporation in good standing. Karl Kauz on that day left home and said that he was going to bathe. Since that day he has never been heard of. * * * If he was drowned on July 7, 1874, as the trial court clearly found, and as the trier of the fact was warranted in finding on the evidence, (*Hancock* v. *Insurance Co.* 62 Mo. 26,) then the Statute of Limitations was a bar to plaintiff's recovery. The cause of action clearly falls within the limitation of five years." (*Carr* v. *Thompson,* 67 Mo. 472).

The Missouri statute referred to provided in sec. 3229, that actions upon any writing, whether sealed or unsealed, for the payment of money or property, should be brought within ten years, and, in sec. 3230, that all actions upon contracts, obligations or liabilities, express or implied, except those mentioned in sec. 3229, should be brought within five years. In Bacon on Ben. Soc. and Life Ins. sec. 444, it is stated that no certificate was issued in the *Kauz* case. In this respect that case does not differ essentially from the case at bar, because here there is no other certificate than one of membership.

In *Baker* v. *Johnson Co.* 33 Iowa, 151, under a resolution passed by a board of supervisors, providing that a swamp land agent should be elected to procure the allowance of a claim due to the county from the general government, and should be allowed a certain compensation for his services, the plaintiff was elected and entered upon the discharge of his duties; and it was there held, that the contract of employment was, in a legal sense, no more than a verbal contract, upon which the statute of limitations commenced to run as such.

In *Kinsey* v. *Louisa County*, 37 Iowa, 438, it was held, that a resolution of the board of supervisors offering a bounty for enlistments and the acceptance of such resolution by a person enlisting thereunder, constitutes a contract resting in parol, and that an action thereon is barred in five years.

In *Works* v. *Macalister*, 40 Mich. 84, a manufacturing corporation passed and entered upon its records a resolution, that Macalister be appointed its superintendent for a certain term at a certain salary, provided he gives satisfaction, and that he was duly elected, etc. ; and it was held, upon a suit by Macalister for his salary, that the resolution did not embody a written contract.

The reason of the rule laid down in these cases is, that it is necessary to go outside of the recorded resolutions of the corporate bodies, and give oral evidence of extrinsic facts, in order to connect the parties suing with such resolutions, and thereby "link together written and unwritten matter." The acceptance and service under the resolutions raise a contract between the parties, but such contract is not in writing.

So, here, it is necessary to go outside of the certificate of membership and the constitution and by-laws of the association, and introduce oral evidence of extrinsic facts, in order to bring the plaintiff within the scope and meaning of the requirements embodied in such constitution and by-laws. Undoubtedly a contract existed between plaintiff and the association, but it was not a written contract. It was an implied contract, a contract, created by operation of law out of the certificate and the constitution and by-laws on the one hand, and the oral testimony connecting plaintiff therewith on the other hand. (Bishop on Contracts, secs. 193 and 203.; *Ill. Cen. R. R. Co.* v. *Miller*, 32 App. Ct. Rep. 259 ; *Am. Ins. Co.* v. *Arbuckle*, 32 id. 369). Inasmuch, therefore, as the contract, upon which a recovery is sought in this case, must be regarded as an unwritten and implied contract, it is governed

by section 15 of the limitation law, and the action upon it was barred in five years.

We find no evidence in the record tending to support the issue made by the second replication to the second plea, namely, that the action accrued within five years after the suit was brought. The board of directors is vested by the constitution and by-laws of the Association with the authority to pass upon claims; and the board, having investigated plaintiff's claim and rejected it in November, 1883, and having notified her of such rejection on November 19, 1883, did nothing thereafter to induce her to believe that her claim would be paid, nor did any person, authorized to represent the Association, hold out any such inducement to her. Where an insurance company leads a party to delay the bringing of suit, or to dismiss a suit already pending, by holding out hopes of adjustment, or by making promises to pay, it is estopped from taking advantage of such delay, or dismissal, by pleading the statute of limitations. (*Derrick* v. *Lamar Ins. Co.* 74 Ill. 404; *Home Ins. Co.* v. *Myer*, 93 id. 271; Bacon on Ben. Soc. & Life Ins. sec. 445). There is nothing, however, in this case, which tends in the slightest degree to establish a waiver by the Association of its right to plead the statute of limitations.

The judgments of the Circuit and Appellate Courts are reversed, and the cause is remanded to the Circuit Court for further proceedings in accordance with the views herein expressed.

*Judgment reversed.*