KINGMAN & COMPANY V. NEWELL A. DAVIS ET AL.

FILED JANUARY 8, 1902.   No. 10,574.

Commissioner's opinion, Department No. 2.

1. **Error County Court to Supreme Court.** The supreme court can not review the rulings of a county court directly, but can only review the judgment of a district court rendered on error or appeal therefrom. Hence, where demurrers to each of several causes of action in a petition were sustained in county court and such judgment was affirmed on error in the district court, *quære* whether a petition in error in this court alleging error in the sustaining of said demurrers presents anything for review.

2. **Offer in Writing: PAROL ACCEPTANCE.** Parol acceptance of an offer in writing, does not give rise to an agreement or contract in writing, within the purview of section 11, Code of Civil Procedure.

3. **Written Order for Goods and Merchandise: PROMISE IN WRITING.** If a written order for goods and merchandise makes no mention of price or terms, and contains no promise of payment, it does not become a promise in writing within the meaning of said section when the order is filled.

4. ———: ———. Even though such order specifies price and terms and contains a promise of payment, if it is not filled as made, a partial acceptance or acceptance varying its terms constitutes a new offer; and, a contract being created by receipt and retention of the goods delivered, the order does not constitute a promise in writing within the meaning of said section.

ERROR from the district court for Lincoln county. Tried below before GRIMES, J. *Affirmed.*

*Thomas F. Lee* and *James H. McIntosh,* for plaintiff in error.

*Wilcox & Halligan, contra.*

POUND, C.

We are strongly inclined to think that this cause ought to be disposed of summarily, for lack of assignments of error presenting anything which the court can review. A petition was filed in the county court containing seven causes of action. Demurrer was filed to each cause of action and sustained. Error was then prosecuted in the district court, where the several rulings of the county court were affirmed. We are now asked to review, not the judgment of the district court, but the rulings of the county court on the demurrers. Each assignment of error, as stated, relates to these latter rulings, and to them alone, and it is obvious that this court can not pass upon the rulings of a county court directly, but can only review the judgment of a district court rendered on error or appeal therefrom. But, in any event, we think the district court was right. The action was brought upon certain written orders for goods and merchandise, taken by a salesman, each of which was expressly made subject to approval by the plaintiff, and certain further orders of goods in letters. These were obviously mere offers, and did not give rise to contracts until accepted,—in the one case by approval; in the other, by delivery of the goods ordered. Only two of the orders make mention of terms or prices, or contain promise of payment. Neither of these appears to have

been filled in full. On the contrary, the petition shows that only a part of what was ordered was delivered, and in one case not even all of one of the principal items of the order was supplied. Under such circumstances, delivery of a part was equivalent to a new offer, and acceptance of what was delivered made the contract. *Bruce v. Pearson,* 3 Johns. [N. Y.], 534. The other orders say nothing as to terms or prices, and in each case acceptance took the form of filling the order. Suit was brought more than four but less than five years after the date of these transactions, and the sole question is as to the statute of limitations. It seems clear enough that section 11, Code of Civil Procedure, covering contracts "not in writing, expressed or implied," and not section 10, covering actions upon "a specialty, or any agreement, contract, or promise in writing," must govern. Here there were no contracts or agreements in writing. The writings were offers, merely, and the acts which constituted acceptance were not in writing. Hence the contracts were parol. *Hulbert v. Atherton,* 59 Ia., 91, 12 N. W. Rep., 780; *Kinsey v. Louisa County,* 37 Ia., 438; *County Commissioners v. Shipley,* 77 Ind., 553; *Baker v. Johnson County,* 33 Ia., 151. Nor do we think any of the several causes of action may be said to be based on promises in writing, within the meaning of the Code. This must be so, clearly, where the delivery varied from the order. With reference to the orders by letter, which contain nothing as to terms or prices and no express promise, so that a liability to pay the reasonable value of the goods delivered arose from the whole transaction, construing sections 10 and 11 together, we think section 10 is the one meant to cover such cases. *McCarthy v. Mt. Tecate Land & Water Co.,* 111 Cal., 340, 43 Pac. Rep., 956; *Thomas v. Pacific Beach Co.,* 115 Cal., 136, 46 Pac. Rep., 899. It follows that the several causes of action were each barred and that the demurrers were properly sustained.

We recommend that the judgment be affirmed.

SEDGWICK and OLDHAM, CC., concur.

By the Court: For the reasons set forth in the foregoing opinion, the judgment of the district court is

AFFIRMED.