**F. H. Speich, Trading as F. H. Speich & Company, Appellant, v. Atchison, Topeka & Santa Fe Railway Company, Appellee.**

**Gen. No. 17,928.**

1. LIMITATIONS—*what constitutes contract in writing.* An action against a carrier based on failure to furnish cars after written demand received and retained without objection is, under the Statute of Limitations of California, barred in two years and cannot be maintained at any time within four years as an action upon "contract, obligation or liability, founded upon an instrument in writing."

2. LIMITATIONS—*questions of law.* The question of whether the furnishing of cars by a carrier after a written demand amounted to acceptance thereof, taking a cause of action for failure to furnish further cars out of the operation of the two-year clause of the California Statute of Limitations as being founded on an instrument in writing is one of law and need not be submitted to the jury.

3. APPEALS AND ERRORS—*when plaintiff cannot complain of dismissal.* Plaintiff cannot complain that his action should not have been dismissed but that verdict should have been directed for defendant, where the dismissal was more favorable to him than a directed verdict.

4. APPEALS AND ERRORS—*additional abstract.* Motion to strike an additional abstract filed by appellee may be denied though portions

Speich v. Atchison, Topeka & Santa Fe Ry. Co., 178 Ill. App. 266.

thereof are unnecessary, where important parts of the record are referred to therein which are not sufficiently abstracted in the original abstract.

Appeal from the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed March 13, 1913.

CHARLES A. BUTLER, for appellant.

ROBERT DUNLAP, LEE F. ENGLISH and JAMES L. COLEMAN, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On April 20, 1910, appellant, hereinafter called plaintiff, commenced an action of the first class in the Municipal Court of Chicago against appellee, hereinafter called defendant, to recover damages in the sum of $8,932.60, claimed to have been sustained by plaintiff in April and May, 1907, on account of the breach by defendant of an alleged written contract, dated April 17, 1907, in failing to furnish plaintiff certain refrigerator cars at Corona, Riverside county, California. Among other defenses, the defendant contended that the action was barred by lapse of time. At the conclusion of all the evidence, which was heard by a jury, the court, on motion of the defendant, dismissed the suit for the reason that it appeared that the cause of action, if any, arose in the state of California more than two years before the commencement of the action and was barred by the statute of limitations of that state, and, hence, under section 20 of our Limitations Act, the action could not be maintained in this state. Judgment was entered against the plaintiff for costs and plaintiff appealed to this court.

It is provided by the California statute of limitations that "an action upon any contract, obligation or liability, founded upon an instrument in writing" shall be commenced within four years, and that "an action

268    APPELLATE COURTS OF ILLINOIS.

Speich v. Atchison, Topeka & Santa Fe Ry. Co., 178 Ill. App. 266.

upon a contract, obligation or liability, not founded upon an instrument of writing,'' shall be commenced within two years. It appeared that plaintiff had resided in Riverside county, California, continuously from several years prior to April, 1907, until after the commencement of this suit, and that for six years prior to April, 1907, he was there engaged in the business of packing and shipping oranges and lemons. It further appeared that defendant was a Kansas corporation, doing business in California, had complied with the requirements of the California Code as to the appointment of agents in that state upon whom service of process might be had, and that at all times between January, 1907, and the date of the commencement of this suit, had business agents in said Riverside county.

On April 17, 1907, the plaintiff wrote the following letter to the general freight agent of defendant at Los Angeles, and mailed copies of the same to two local agents of defendant, which were received by the respective addressees in due course of mail:

"April 17th, 1907.

MR. W. G. BARNWELL,
      General Freight Agent, A. T. & S. F. Ry.,
            Los Angeles, Calif.

DEAR SIR:—

Enclosed herewith please find the estimates of Mr. S. A. Crawford and Mr. H. A. Prizer, of the Oranges and Lemons (mostly Navel Oranges) owned and controlled by us at Corona, which it is very essential for us to pick and ship without any further delay. We contracted to take this fruit off the trees at a specified time, which has very nearly expired, and our failure to comply with the terms of contracts is liable to cause us loss and trouble.

This, therefore, is our demand on the A. T. & S. F. Ry. to place for us at the Corona Packing Company's packing house at Corona (which is our usual loading place) five refrigerator cars every two days for the next twenty-five days, to be loaded with Oranges and Lemons for shipments to points on their line, and in

the event of their failure to furnish us with the above specified and required number of cars, we shall hold the A. T. & S. F. Ry. liable for all loss and damage by droppage, decay, market conditions or any other cause, occasioned by our inability to ship the fruit owing to your failure to furnish cars.

We are, and have been able to make deliveries of this fruit to your Company, and have previously made demands upon you for cars. However, from the attached affidavits of two disinterested and thoroughly reliable persons, you will note that the fruit is beginning to deteriorate, and that it is absolutely necessary to move same within the specified time.

Very truly yours,

F. H. SPEICH & Co.,

By

CC to W. R. Dowler

W. L. Brown.''

The facts leading up to the writing of the above letter, as disclosed from the evidence, are substantially as follows: In the spring of 1907, the defendant was handling an unusually large volume of freight over its lines. Much building and other material was being carried for reconstruction purposes to San Francisco because of the earthquake in that city in 1906. This, combined with other unexpected causes, brought about a condition of freight congestion and a shortage of refrigerator cars in southern California for the loading of fruit during the spring of 1907. It was the practice of defendant, through its agents in southern California, each year, in advance of the citrus fruit shipping season, to make an estimate of the number of carloads of fruit which would probably be offered for shipment, so that the necessary equipment might be supplied for the handling of the crop. These estimates were made by the general freight agent of defendant from inspection of the orchards and from information received from shippers, growers and agents. The shipping season was from November 1st to October 31st of the following year. The estimate made

for the season of 1906-7 was 27,000 cars and the actual shipments were 27,493 carloads of citrus fruits carried by all lines, of which defendant carried more than one-half. The defendant had arranged to supply a sufficient number of cars for the season of 1906-7 to satisfy the ordinary demand of shippers when that demand was distributed in the ordinary manner. The car shortage was called to the attention of plaintiff and other shippers of citrus fruits by defendant's agents early in the year 1907, and plaintiff and other shippers were notified that orders for cars could not be filled on demand and that defendant could not furnish all cars ordered. There was evidence tending to show that during the month of February plaintiff ordered at Corona either one or two cars a day and received during that month 21 cars; that during March he ordered a total of 37 cars and received 19 cars; that during April he ordered 32 cars and received 27 cars; that during May he ordered 36 cars and received 24 cars; and that after plaintiff wrote said letter of April 17th, he made orders for cars during April and during May. The demand or order for cars as made in said letter of April 17th by plaintiff was not accepted, orally or in writing, by defendant. The letter, demand or order, or notice to hold defendant liable in damages for failure to furnish the cars mentioned therein, whatever it may be called, was seemingly ignored by defendant.

It is contended by counsel for defendant that there is no duty resting upon a common carrier to furnish upon demand all the cars which any shipper may name, without regard to the circumstances and the rights of other shippers, that a common carrier is only required to furnish reasonable and ordinary facilities for the transportation of freight and such as will meet the *ordinary* demands of business, and that a railroad company is not bound to provide in advance for or anticipate extraordinary occasions of an unusual influx of freight to the road. Galena & C. U. R. Co. v. Rae, 18 Ill. 488; Wilbert v. New York, etc., R. Co., 12 N. Y.

245.   Counsel for plaintiff admits this, but contends that damages resulting from the breach by a railroad company of an express written contract to furnish cars at a specified time are recoverable in an action *on the contract*. Counsel for plaintiff further contends that, in this case, the mailing of the letter of plaintiff of April 17th and its receipt by the defendant without expressly disagreeing to or repudiating the same, accompanied by certain acts of the defendant as shown by this record, constituted a written contract by which the defendant bound itself to furnish the cars as demanded in said letter. Counsel for plaintiff also admits that, if an action could not have been maintained in the state of California on April 20, 1910, because of the statute of limitations of that state and by reason of the lapse of time, the present action cannot be maintained in this state. The question, therefore, is whether or not the present action, as disclosed from this very voluminous record, could have been maintained on April 20, 1910, in California.

After a careful examination of the record and the briefs and arguments of counsel, and after examining the several decisions of the Supreme Court of Califorina, construing the statute of limitations of that state, which were introduced in evidence on the trial, we have reached the conclusion that the court was right, under the facts of this case, in holding that the present action could not be maintained. In other words, we are of the opinion that the present action is not, in the meaning of the California statute, an action upon a contract, obligation or liability, founded upon an instrument in writing. Chipman v. Morrill, 20 Cal. 131; Piller v. Southern Pac. R. Co., 52 Cal. 42; Wood v. Currey, 57 Cal. 208; Lattin v. Gillette, 95 Cal. 317; McCarthy v. Mt. Tecarte Land & Water Co., 111 Cal. 328; Thomas v. Pacific Beach Co., 115 Cal. 136; Patterson v. Doe, 130 Cal. 333; Scrivner v. Woodward, 139 Cal. 314. See also, Knight v. St. Louis, I. M. & S.

Ry. Co., 141 Ill. 110, 115; Wood v. Williams, 142 Ill. 269, 275-277; Conductors' Mut. Aid & Benefit Ass'n v. Loomis, 142 Ill. 560, 567; Kingman v. Davis, 63 Neb. 578. Counsel for plaintiff cites the cases of Memory v. Niepert, 131 Ill. 623, and Forthman v. Deters, 206 Ill. 159, but we think that the facts in those cases are plainly distinguishable from the facts of the present case. "Statutes of limitation are statutes of repose. * * * They are designed to afford security from stale demands, when, from lapse of time, death of witnesses, failure of memory, loss of vouchers, and other causes, the true state of the transactions may be incapable of explanation and the rights of the parties cannot be satisfactorily investigated." Davis v. Munie, 235 Ill. 620.

Counsel for plaintiff urges that the court erred in not submitting to the jury the question as to whether the furnishing of cars by defendant to plaintiff after the receipt by defendant of said letter of April 17th amounted to an acceptance by defendant of the demand for cars contained therein, and argues that, if the jury so found, such acceptance, under the Memory case, *supra,* would take the case out of the California statute of limitations. We cannot agree with counsel. We think that under the facts of this case, and under the California statute as construed by the Supreme Court of that state, under section 20 of the Limitation Act of this state, it was a question of law for the court whether the action could be maintained. 25 Cyc. 1437. Counsel also urges that, even though this question was one of law, the court erred in dismissing the suit, and that proper practice required the court to instruct the jury to bring in a verdict for the defendant. Plaintiff was not injured by the court adopting the former rather than the latter course. The action taken was more favorable to plaintiff than would have been a directed verdict, and plaintiff cannot complain. Amos v. Sinnott, 5 Ill. (4 Scam.) 440, 448; section 22, Municipal Court Act.

Speich v. Atchison, Topeka & Santa Fe Ry. Co., 178 Ill. App. 266.

After this appeal had been perfected in this court, counsel for defendant here filed a written motion that the suit be dismissed, contending that the action, as shown from the evidence, was in fact one in tort for more than $1,000, rather than on a contract, express or implied, and that, therefore, the Municipal Court, under section 2 of the Municipal Court Act, had no jurisdiction. The decision on this motion was reserved to the hearing, but in view of the foregoing, it is unnecessary for us to pass upon the motion.

After appellant had filed a printed abstract of the record in this court, appellee filed an additional printed abstract of many pages. Counsel for appellant in his printed brief and argument in reply to the brief and argument of counsel for appellee, referred to certain pages of said additional abstract. Subsequently, appellant filed a written motion to strike the additional abstract from the files. While, in our opinion, certain portions of the additional abstract were unnecessary for a full understanding of the questions presented for decision, important parts of the record were therein referred to which had not been sufficiently abstracted in the original abstract. The motion to strike will be denied.

For the reasons indicated the judgment of the Municipal Court will be affirmed.

*Affirmed.*