## Wing v. Evans.

1. **Statute of Limitations:** WRITTEN ORDER FOR GOODS WITH AGREEMENT TO PAY IN FUTURE. The right of action for the price of goods delivered upon a written order, wherein the defendant agreed to pay for them at a future date, is based on the written promise to pay, and is not barred until ten years after the date when payment was agreed to be made.

2. **Sale:** DELIVERY: EVIDENCE: ADMISSION BY ONE VENDEE NOT BINDING ON ANOTHER. Where goods were ordered by a writing signed by two persons, an acknowledgment by one of them of the delivery of the goods, by a writing on the back of the order, was not admissible, in an action against the other, to prove the delivery of the goods.

*Appeal from Buena Vista District Court*—HON. LOT THOMAS, Judge.

TUESDAY, DECEMBER 13.

ACTION at law for the recovery of the price of certain

charts. The district court entered judgment for plaintiff, and defendant appeals.

*Robinson & Milchrist,* for appellant.

*T. D. Higgs,* for appellee.

REED, J.—It is alleged in the petition that goods, for the price of which this action is brought, were sold and delivered under a written contract as follows:

"NOVEMBER 22, 1879.

"*S. J. Wing, Chicago, Ill.*—SIR: Please deliver at your earliest convenience to O. H. Storla, at his residence, four sets National Business and Primary Charts, at $36 per set, $144; and we hereby agree to pay for said goods on the 1st day of May, 1881, with interest at the rate of six per cent from the date of delivery.

"JOSEPH EVANS, Secretary of School Board.

"O. H. STORLA, President of School Board."

It is also alleged that the charts mentioned in the contract were delivered on the 1st day of December, 1879. The action was commenced on the 14th of October, 1886. In one division of his answer, defendant denied all the allegations of the petition. In another division he alleges that the cause of action arose more than five years before the institution of the suit, and that the right of action thereon was barred by the statute of limitations. The district court sustained a demurrer to this latter division.

I. Is the action barred by the statute of limitations? We think not. It is true that plaintiff, before he will be entitled to recover, must prove a delivery of the goods, and that fact must be established by evidence other than the writing. But the action is upon the written promise of defendant to pay for them within a specified time after delivering. He is liable, if at all, not simply because the goods were delivered, for they were neither delivered to him nor to another for his use,

*1. STATUTE of limitations: written order for goods with agreement to pay in future.*

but because he promised to pay for them. That promise, and not the fact of delivery, is the ground of his liability, and that promise is in writing. And the action thereon would not be barred until the expiration of 10 years from the time it arose. (Code, § 2529, subd. 4.)

II. A copy of the contract was attached to the petition as an exhibit. There was also set out in the exhibit what purported to be a written acknowledgment by O. H.

**2. SALE: delivery: evidence: admission by one vendee not binding on another.** Storla that he had received the goods mentioned in the contract. On the trial, plaintiff offered, and against defendant's objection was permitted to introduce, this written acknowledgment in evidence, and it was the only evidence of the delivery of the goods which was introduced. The objections made to the introduction of this writing were that the signature thereto was not shown to be Storla's genuine signature, and that it was incompetent. As the acknowledgment, even if the genuineness of the signature was established, was not binding on the defendant, these objections should have been sustained. The written acknowledgment, although indorsed upon the contract, was no part of it. The petition contained no reference to the acknowledgment, although a copy of it was indorsed upon the exhibit. It cannot, therefore, be regarded as constituting part of the petition; nor can the signature thereto be deemed genuine because its genuineness was not denied under oath. But if it should be admitted that Storla executed the written acknowledgment, it would not be competent evidence, as against this defendant, of the delivery of the goods. It amounts to no more than an admission by Storla of a fact which must be established before he could be held liable for the price of the goods. But his admission is binding only on himself. It would hardly be contended that his verbal admission would be admissible against defendant. The fact that the admission in question is in writing gives it no higher character as evidence.                                                     REVERSED.