W. D. KINNEY (C. A. KINNEY, Substituted Plaintiff), Appellee, v. L. T. REED, Appellant.

**Pleadings:** AMENDMENT: MOTION TO STRIKE. Where plaintiff in a
1  substituted petition repleaded the same matters contained in the original petition, and in addition thereto the necessary averments to comply with the ruling upon a demurrer to the original pleading, a motion to strike the substituted petition on the ground that it alleged the same matters was properly overruled.

**Contracts:** PAROL EVIDENCE. Where an agreement of the parties is
2  clearly embodied in a writing, mere contemporaneous parol agreements are not provable. Thus the written agreement for the sale of a physician's practice for a stated sum, to be paid by the application of a certain per cent of the purchaser's earnings, constituted a contract complete in itself; and was not rendered uncertain by the provision for payment when his earnings reached a stated sum.

**Same:** LIMITATION OF ACTIONS. Where a written contract was complete
3  and definite in its terms, without the aid of oral evidence, the

statute of limitations which bars actions upon oral contracts in five years has no application.

**Exclusion of evidence:** REVIEW OF RULING. A ruling excluding evidence will not be review on appeal, where there is nothing in the record disclosing the nature of the excluded evidence.

**Same:** PAROL EVIDENCE: VARIANCE. In this action upon a written contract to pay a stated sum for a physician's practice by payment of a certain percentage of defendant's earnings, an offer in evidence of an allegation of defendant's answer, as an admission that he had earned a certain sum, did not open the door to defendant for the admission of oral evidence tending to vary the writing.

**New trial:** REMARKS OF COURT: REVIEW. There was no impropriety in the court's remark to counsel, in ruling upon objections to evidence, that prior or contemporaneous agreements were not admissible to vary the writing sued upon, and if the writing did not express the agreement of the parties it could be reformed by a proper proceeding, but not in a law action. Besides no exception was taken to the remarks and the alleged error was not therefore reviewable.

*Appeal from Taylor District Court.*—HON. H. K. EVANS, Judge.

SATURDAY, MARCH 14, 1914.

SUIT to recover $500 and interest on a written contract. Trial to a jury. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*R. T. Burrell, McCoun & Brant,* for appellant.

*Frank Wisdom,* for appellee.

PRESTON, J.—I. The contract sued upon, the execution of which is admitted, follows:

Gravity, Iowa, Apr. 12, 1901. This agreement made and entered into by and between Dr. W. D. Kinney of the first part, and Dr. L. T. Reed of the second part, witnesseth, that

W. D. Kinney of the first part has this day bargained and sold unto L. T. Reed of the second part, all his practice as a physician and surgeon in Gravity and vicinity thereto. For the sum of five hundred dollars to be paid as follows, 20% of the said L. T. Reed's earnings as a physician and surgeon as long as he practices until the aforesaid five hundred dollars, is paid, then this contract to be null and void. When a payment is made Dr. Kinney is to receipt Dr. Reed for same. I, Dr. Kinney agree not to practice medicine in Gravity and vicinity for a term of five years. W. D. Kinney. L. T. Reed.

Acknowledged before a notary by both parties April 12, 1901. This was assigned to C. A. Kinney, who was substituted as party plaintiff.

Both parties seem to have had trouble with their pleadings, which are quite voluminous. Plaintiff's first attorney started out with a petition in equity, alleging that the contract was only partly reduced to writing, and asked a reformation of the contract, which seems to be unambiguous and needed no reformation. Plaintiff also asked judgment on the contract for $500 and interest. An amendment was filed, withdrawing two paragraphs of the original petition; and which amendment also alleged that he did not know and had no means of knowing what sums of money defendant had earned since the making of the contract.

Defendant demurred to the petition as amended, on the ground that it did not show anything due; that it did not show that defendant had earned $2,500; and that no such facts were alleged as to justify reformation because no mutual mistake was charged. The demurrer was sustained. Thereupon plaintiff filed a substituted petition in two counts; the first stating a cause of action at law and supplying the allegations, the absence of which made the original petition demurrable; that is to say, he alleged:

Paragraph 3. That defendant has practiced medicine and surgery in Gravity, Iowa, and vicinity since April 12, 1901, in a prosperous and lucrative manner, and has earned the sum of $2,500 from such practice.

Paragraph 4. That plaintiff has made several demands upon defendant for an accounting of said earnings since April 12, 1901, and for the payment of said $500 or so much thereof as might have been found due, and defendant has refused to make said accounting, and has refused to pay said $500, or any part of it.

The second count set up again the equitable issue, and asked a reformation, accounting, and discovery.

Defendant moved to strike the substituted petition. His motion contained five divisions, but in no one of them does he indicate which count or paragraph he strikes at. It is apparent, however, that in all but one he refers to the second count. It is not necessary to further notice these, because plaintiff submitted to the motion in so far as it referred to the second count. In so far as the motion aims at count 1, it is on the ground that it sets up the same cause of action as stated in the original petition, to which the demurrer had been sustained.

This part of the motion was overruled, and, we think, properly so, for the reason that count 1 of the substituted

1. PLEADINGS: amendment: motion to strike. petition is not a repleading of the same matters; but, as we have said, it only supplied the necessary averments which were lacking in the original. This being so, the cases cited by appellant do not apply. At this stage of the proceedings the cause, upon motion of defendant, was transferred to the law docket.

Defendant answered, denying liability; admitted that plaintiff had made demand for an accounting, and for payment, which had been refused. He alleged, further, that the contract "was signed and executed without consideration, because the plaintiff represented to defendant that he had a large practice as a physican and surgeon at Gravity and vicinity and that, in truth, said representations were false, and plaintiff knew them to be false at the time, and made them with the intention of cheating and defrauding defendant, and that at the time plaintiff had no practice as a physician and

surgeon at that place; (2) that defendant's signature was procured by fraud, for that during the negotiations the plaintiff fraudulently caused a telegram to be delivered to him from some person unknown to defendant, asking if plaintiff would sell his practice for $500, which message was exhibited to defendant intending to have him believe that some one else would buy the practice if he did not.'' The issues above referred to were submitted to the jury, and there is no complaint of instructions with reference thereto, or that the verdict is not sustained by the evidence.

II. During the trial, defendant amended his answer, and alleged substantially:

(1) That at the time of the making and execution of the written contract sued on it was mutually agreed that plaintiff would remain with defendant four weeks and help him get started. (2) That at the time of the making of said contract there was an oral agreement between the parties that said defendant would render an account of his earnings to Kinney at reasonable intervals. That between date of said contract and April 12, 1904, he had earned $2,500 in his practice, and, owing to such fact and said oral agreement in connection with said written contract, plaintiff's cause of action is barred by the statute of limitations, as plaintiff did not begin his action until December 3, 1910. (3) That the written contract sued on is of such language and character that it requires verbal testimony to make it complete, and therefore a cause of action is barred upon it after five years from April 12, 1904.

This pleading was filed after the cause had been transferred to the law docket. On the trial the defendant sought to show by his witnesses, and by cross-examination of plaintiff, the agreements thus alleged, and which were not included in the written contract.

Plaintiff's objection to such evidence was sustained, and of this appellant complains. The gist of the complaint is as to the bearing such evidence would have on the question of the statute of limitations. He also complains that the court

failed to instruct the jury on the question of the statute of limitations. The determination, then, of the question as to whether the court properly sustained the objection to the line of evidence indicated determines these matters in regard to the statute of limitations.

It will be observed that the last amendment to the answer does not allege that the contract was partly in parol and partly in writing; nor is any reformation asked by the defendant. The written contract was complete in itself; the $500 was due when defendant had earned $2,500, and the time of payment of the $500 was made certain by proof of that fact; such evidence was no part of the contract, but an independent fact. The liability of defendant is upon his written promise to pay $500 when a certain thing had occurred; that is, when he had earned $2,500.

2. CONTRACTS: parol evidence.

*Wing v. Evans,* 73 Iowa, 409, was an action to recover the price of goods sold under a written contract. In that case the court said: "It is true that plaintiff, before he will be entitled to recover, must prove a delivery of the goods, and that fact must be established by evidence other than the writing. But the action is upon the written promise of defendant to pay for them within a specified time after delivering. He is liable, if at all, not simply because the goods were delivered, but because he promised to pay for them. That promise, and not the fact of delivery, is the ground of his liability, and that promise is in writing, and the action thereon would not be barred until the expiration of ten years from the time it arose." And see *White v. Savery,* 50 Iowa, 518.

The same rule applies to the contract in this case. Whether defendant agreed to account and failed to do so is wholly immaterial. It is clear that the offered evidence comes within the rule that prior or contemporaneous parol agreements may not be shown but are merged in the writing.

Defendant contends that, where the contract is such that verbal testimony is required to make it complete, the con-

tract is a parol contract, and is barred in five years. Plaintiff concedes this is the rule; but, as we have said, this writing was complete in itself, and, the court having properly excluded the parol evidence to vary its terms, there was no question as to the statute of limitations left, for the action was on a written contract. Further, some of the questions were put before defendant had filed his last amendment.

3. SAME: limitation of actions.

Still, again, as to other of such questions, the questions themselves do not show that the evidence was proper, and there was no offer to prove. This point is illustrated by the following interrogatories: ''Q. Now, at the time of the making and entering into this contract, did you have any other agreements with Dr. Kinney?'' ''Q. Well, did you have an agreement there, Doctor, with Dr. Kinney as to anything you was to do not mentioned in that contract?''

4. EXCLUSION OF EVIDENCE: review of ruling.

Plaintiff offered a part of defendant's answer to show an admission that defendant had earned $2,500, and when it was earned. This offer did not open the door to the extent claimed by defendant and permit the introduction of parol evidence to vary the terms of the writing. Still another contention of defendant is that he alleged fraud, and that therefore he was entitled to greater latitude in the examination of witnesses. An answer to this is that the court did permit inquiry as to all matters alleged as fraud. But counsel were seeking to widen the inquiry and change the terms of the writing, as they stated to the court at the time, for the purpose of showing that the action was barred by the statute of limitations.

5. SAME: parol of evidence: variance.

III. It is now objected that the trial court erred in certain remarks during the trial. No exception was taken thereto. Had they been excepted to, there was no impropriety. The remarks were addressed to counsel, and were a part of the rulings on objections to evidence. The substance of the statements was that prior or contemporaneous verbal agreements were inad-

6. NEW TRIAL: remarks of court: review.

missible to vary the term of the writing; and that, if the contract did not express the agreement of the parties, it could be modified in a proper proceeding, but not in an action at law.

No error appears, and the judgment is—*Affirmed*.

LADD, C. J., and EVANS and WEAVER, JJ., concur.