G. H. HILTON ET AL., APPELLANTS, V. J. C. CROOKER ET AL., APPELLEES.

[FILED NOVEMBER 11, 1890.]

1. **Deeds**: REFORMATION.    On the testimony before the court, *held*, that a deed set forth in the record would be reformed so as to exclude forty acres of land described in the opinion.

2. **Assignment**: A CONTRACT FOR PROFESSIONAL SERVICES—as that of an attorney—is personal and confidential and cannot be assigned to another without the assent of the client and in case of such assignment without assent, the client may; declare the contract at an end and recover certain lands conveyed as a conditional fee, for the prosecution of the action—money expended in the prosecution of the action, however, to be refunded.

APPEAL from the district court for Lancaster county. Heard below before FIELD, J.

*William Leese,* and *George H. Hilton,* for appellants, cited on the point that the contract was personal and could not be assigned ? Rapalje & Lawrence, L. D., p. 282; Chitty, Contracts, 671.

*John S. Gregory, contra.*

MAXWELL, J.

This action is brought to obtain the following relief:

"And upon final hearing of this case, the plaintiffs may be granted the following relief, to-wit: That the agreement aforesaid between plaintiffs and defendants Crooker and Gregory may be declared a personal and binding agreement, as before stated, between all the parties thereto, and the obligations and deeds made under it not assignable or transferable, but a breach of the same, and that the breach as stated herein may be so declared, as also the neglect and abandonment of the prosecution of the suits by them, and failure of consideration for both deeds and agreement, and that the agreeement and deeds made by plaintiffs under it may be declared conditional, inoperative, null, and void, also the deed made to McMurtry may be so declared and decreed, and a decree entered accordingly, or if the above relief is not granted, that the deeds made to Crooker and also the deed made by him to McMurtry may be so reformed as to correct the mistake or error in including therein the whole of the south half of section 11, town 9 north, range 6 east, and that the northeast quarter of the southeast quarter of said section 11, town 9 north, range 6 east, and undivided one-third of south half northwest quarter of section 14, and southeast quarter of northeast quarter of section 15, both in town 10, range 6, may be excluded from said deeds as included by mistake, and the title declared to be in each of the plaintiffs as to the first tract, each holding an undivided one-third of said land, and a decree made accord-

ingly, and such other and different relief as equity may require, and judgment rendered against defendants in favor of plaintiffs for costs of suit."

On the trial of the cause the court found the issues in favor of the defendants and dismissed the action.

The following agreement and conveyances are set forth in the record.   "Exhibit A" is as follows:

"Agreement made this 10th day of January, A. D. 1885 between Jabez C. Crooker, of the first part, John S. Gregory, attorney, of the second part, and George H. Hilton, James F. Hilton, and Joseph B. Hilton, of the third part, as follows: That for and in consideration of certain deeds of conveyance to be executed by James F. Hilton, Joseph B. Hilton, Alice Duchanne, Nora M. Lincoln, Augusta Hilton, and George H. Hilton, and delivered unto Jabez C. Crooker, within twenty days from the date hereof, the said Jabez C. Crooker agrees to advance the necessary money required in the prosecution of the suits hereinafter mentioned, and furnish good and satisfactory bond and security for costs, and said Jabez C. Crooker will pay the required attorney fees to the party of the second part, in addition to the purchase price paid and stipulated in said deeds.

"In consideration whereof the party of the second part agree to accept said party of the first part in payment of all his fees and perquisites; and further agrees to and with the party of the third part that he will carry on to a final determination, both in the circuit court of the United States for the district of Nebraska and in the supreme court of the United States, if the same shall become necessary in the actions of the said parties of the third part, or each, or any of them for the purpose of recovering title and possession to the lands in the said deed described, and quieting the title thereto unto the said party of the third part in all respects, except for tax liens (it being understood that all parties hereto shall be severally liable for

the tax or tax liens therefor in proportion to their several interests in said lands), and said party of the second part shall have and take full and entire control and management of said causes, and shall give his full and careful attention personally thereunto, until the final determination of said causes, and without any other or further consideration than that hereinbefore stated.

"In case of the death, sickness, or inability of the party of the second part at any time during the progress of the proceedings brought and carried on as herein mentioned, so that he shall be unable to personally attend at the courts in said cause or causes when at all times the same shall be necessary, then and in that case said party of the first part agrees to employ a competent and sufficient satisfactory attorney as his substitute, and in his stead, and shall be at the expense of payment of such services. It is further mutually agreed that the consideration for which this contract is made is the deeds herein mentioned conveying said land to said Jabez C. Crooker in the proportion stated in said deeds, which are hereby taken and receipted as the full payment for the fulfillment of this contract upon their part. It is mutually agreed that no compromise of the controversies in question shall be made, except upon the agreement of all the parties in interest herein.

"If the costs paid and advanced by the party of the first part shall be recovered from the defendants in said actions, said party of the first part shall be entitled to recover the amount he may have advanced. And if a compromise is made on all or any of the property herein conveyed before the decree of the courts therein upon the merits of the case, then and in that case the party of the first part agrees to accept one-sixth of the land or of the sum obtained in such compromise which shall be taken and accepted as his share of the proceeds thereof upon deed executed to the proper one. Also that the said attorneys are to prosecute the suits with all necessary dispatch and no unnecessary delay.

"In witness whereof, the parties to this agreement set their hands this day above written.

"JOHN S. GREGORY.

"J. C. CROOKER."

Exhibit D is as follows:

"To J. S. Gregory and J. C. Crooker, attorneys for J. F. and J. B. Hilton in their case against J. E. Jones *et al.*, in circuit court United States, district Nebraska: I am authorized by the above complainants to give you notice that they hereby require you to proceed to have the record made in the above case, and have the appeal granted in their said cause, now nearly two months ago, to be duly filed in the supreme court United States, without any further or unnecessary delay, as you are bound to do by written agreement, so that said case may be docketed in said supreme court by the rules, in order that the case may be ready for hearing at the next term of said court, if agreed to, or as soon thereafter as possible.

"Lincoln, Neb., 9 August, 1887.

"J. F. AND J. B. HILTON,

"By G. H. HILTON."

"Exhibit C" is as follows:

"Know all men by these presents, that James F. Hilton and Joseph B. Hilton, of Cook county, Illinois, for and in consideration of one dollar in hand paid by Jabez C. Crooker, and the further consideration of an agreement made and executed by Jabez C. Crooker and John S. Gregory, bearing date the 10th day of January, 1885, they do hereby sell and convey and quitclaim unto Jabez C. Crooker, of Lincoln, Nebraska, and to his heirs and assigns, forever, the following described real estate, to-wit:

"The undivided $\frac{1}{5}$ part, title, and interest in and to the S. $\frac{1}{2}$ of N. W. $\frac{1}{4}$ of sec. 14 and S. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ of sec. 15, all in town 10, range 6 and S. $\frac{1}{2}$ sec. 2, and S. $\frac{1}{2}$ of sec. 11, and W. $\frac{1}{2}$ of N. E. $\frac{1}{4}$ sec. 11, and S. W. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ and N. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ sec. 14, and N. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$

sec. 15, all in town 9, range 6; and N. E. ¼ of sec. 6, and E. ½ of N. W. ¼ and N. E. ¼ of S. W. ¼ sec. 6, and N. W. ¼ sec. 18, and S. E. ¼ of N. W. ¼ of E. ½ S. W. ¼ and S. W. ¼ of S. E. ¼ sec. 19, and W. ½ of N. E. ¼ and S. E. ¼ of N. E. ¼ sec. 29, and W. ½ of S. E. ¼ and S. W. ¼ of N. E. ¼ sec. 30, and S. E. ¼ of S. E. ¼ sec. 33, and S. W. ¼ of S. W. ¼ sec. 34, all in town 8, range 7; and N. W. ¼ of N. W. ¼ sec. 3, and N. E. ¼ sec. 4, all in town 7, range 7; all in Lancaster county, Nebraska. Subject to said agreement above referred to.

"Signed this 21st day of January, A. D. 1885.

"JOSEPH B. HILTON.
"CLARA J. HILTON.
"JAMES F. HILTON.

" In presence of
"S. W. KING."

"Exhibit B" is as follows:

"QUITCLAIM DEED.

"*George H. Hilton to Jabez C. Crooker.*
"Recorded Jan'y 23, 1888, at 9 A. M.

"JNO. D. KNIGHT,
"*Register of Deeds.*

"Fees, $1. T. M. COOK, *Dep.*

"Know all men by these presents, that George H. Hilton of Hamilton Co., and state of Ohio, for and in consideration of five dollars to him in hand paid by Jabez C. Crooker and the further consideration of an agreement made and executed by Jabez C. Crooker and John S. Gregory, bearing date the 10th day of January, 1885, does hereby sell, convey, and quitclaim unto Jabez C. Crooker and to his heirs and assigns, forever, the following described real estate situate, in Lancaster county, Nebraska, and described as follows, to-wit:

"One undivided ⅙ part, title, and interest in and to the S. ½ of N. W. ¼ sec. 14, and S. E. ¼ of N. E. ¼ sec. 15,

all in town 10, range 6; and S. $\frac{1}{2}$ of sec. 2, and S. $\frac{1}{2}$ of and W. $\frac{1}{2}$ of N. E. $\frac{1}{4}$ of sec. 11, and S. W. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ and N. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ of sec. 14, and N. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of sec. 15, all in town 9, range 6; and N. E. $\frac{1}{4}$ sec. 6, and E. $\frac{1}{2}$ of N. W. $\frac{1}{4}$ and N. E. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ sec. 6, and N. W. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of sec. 19, and W. $\frac{1}{2}$ of N. E. $\frac{1}{4}$ and S. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ of sec. 29, and W. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ and S. W. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ sec. 30, and S. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of sec. 33, and S. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ sec. 34, all in town 8, range 7; and N. W. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ sec. 3, and N. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ of sec 4, all in town 7, range 7, in said Lancaster county, Nebraska. Subject to above contract.

"Signed this 13th day of January, 1885.

"GEORGE H. HILTON.

"In presence of witness:

"W. W. DUNHAM.

"THE STATE OF NEBRASKA, $\Big\}$ ss.
    LANCASTER COUNTY.

"On this 13th day of January, 1885, before me, W. W. Dunham, a justice of the peace duly appointed and qualified for and residing in said county, personally came George H. Hilton, to me known to be the identical person described in and who executed the foregoing conveyance as grantor, and he acknowledged the said instrument to be his voluntary act and deed.

"Witness my hand and notarial seal the day and year above written.          W. W. DUNHAM,
                              "*Justice of the Peace.*"

Also the following:

"Know all men by these presents, that Jabez C. Crooker and Sarah B., his wife, of Lancaster county, Nebraska, for and in consideration of one dollar, and other good and valid consideration, in hand paid by James H. McMurtry, of Lancaster county, Nebraska, the receipt whereof is hereby acknowledged and confessed, they do hereby sell, convey, and transfer unto said James H. McMurtry, and

to his heirs and assigns, forever, the following described real estate, to-wit:

"All their right, title, and interest in and to the undivided $\frac{2}{5}$ part of the S. $\frac{1}{2}$ of N. W. $\frac{1}{4}$ of sec. 14, town 10, range 6; and S. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ sec. 15, town 10, range 6; also S. $\frac{1}{4}$ of sec. 2, and S. $\frac{1}{2}$ of sec. 11, and W. $\frac{1}{2}$ of N. E. $\frac{1}{4}$ of sec. 11, and S. W. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ and N. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ of sec. 14, and N. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of sec. 15, all in town 9, range 6; and N. E. $\frac{1}{4}$ sec. 6, and E. $\frac{1}{2}$ of N. W. $\frac{1}{4}$, and N. E. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ sec. 6, and N. W. $\frac{1}{4}$ sec. 18, and S. E. $\frac{1}{4}$ of N. W. $\frac{1}{4}$, and E. $\frac{1}{2}$ of S. W. $\frac{1}{4}$, and S. W. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ sec. 19, and west half of N. E. $\frac{1}{4}$, and S. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ of sec. 29, and W. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ sec. 30, and S. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ sec. 33, and S. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ sec. 34, all in town 8, range 7; and N. W. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ of sec. 3, and N. E. $\frac{1}{4}$ of sec. 4, all in town 7, range 7; all in Lancaster county, and state of Nebraska; meaning and intending by this indenture to convey to said James H. McMurtry all our right and title to the above described premises under and by virtue of all deeds and conveyances to Jabez C. Crooker, by Joseph H. Hilton, Clara J. Hilton, James F. Hilton, George H. Hilton, Augusta Hilton, John Hilton, and Alice B. Duchanne or others.

"And the said Crooker covenants to warrant and defend the aforesaid covenants by him made against any and all acts heretofore made by him. And the said Sarah B. Crooker hereby relinquishes her right of dower in and to the foregoing described lands.

"Signed this 27th day of September, 1887.

"JABEZ C. CROOKER.
"SARAH B. CROOKER.
"In presence of
"JOHN S. GREGORY.
"J. H. BROWN."

"The condition of the following obligation is such, that

whereas, J. C. Crooker, of the city of Lincoln, in the county of Lancaster, and state of Nebraska, has this day sold, transferred, and conveyed by deed to the full satisfaction of James H. McMurtry, of the city of Lincoln, in the county of Lancaster, and state of Nebraska, all his right, title, and interest in and to certain lands claimed by George H. Hilton and others, for the recovery of which suits have been brought or are now pending in the United States circuit court, and in the state courts of Nebraska, wherein the said Jabez C. Crooker became surety for costs; and whereas, a certain contract was made and entered into by the said Jabez C. Crooker, and all and each of the Hiltons in said contract mentioned, to prosecute said suits to final determination in the courts for a contingent fee, as in the said mentioned contract of the value of all property recovered in said suits and prosecutions as is fully stated in said contract referred to with said Hiltons as aforesaid; and whereas, the said Jabez C. Crooker, in consideration of the sum of $100 to him in hand paid by the said James H. McMurtry to his full satisfaction, has conveyed by quitclaim deed to the aforesaid lands by an assignment of the contract aforesaid, with the said Hiltons, unto the said James H. McMurtry:

"Now, therefore, in consideration of the assignment of said contract, and the quitclaim deed of his interest in the Hilton lands by the said Jabez C. Crooker to the said James H. McMurtry, hereby binds and obligates his heirs, executors, and administrators, each and all of them, in the penal sum of $3,000, well and truly to be paid unto the said Jabez C. Crooker, his heirs, executors, and assigns, that he, the said James H. McMurtry, will save the said Jabez C. Crooker harmless, as aforesaid, from all costs that have heretofore accrued in the suits and proceedings hereinbefore referred to, and all damages and expenses that he, the said Jabez C. Crooker, may be liable for by reason of his having given his personal security in the suits and pro-

ceedings as required by the orders of the courts wherein the same are pending and brought, in the name of the said Hiltons, or that may hereafter arise in the prosecution of said suits and causes of action. The meaning and intent of this obligation is such, that if the said James H. Mc-Murtry, his executors, administrators, or heirs, shall save and indemnify the said Jabez C. Crooker, his heirs, executors, or administrators, from any and all costs in any way that have arisen or may arise from the litigation above referred to, then this obligation to be and become null and void, otherwise to be and remain in full force and virtue.

"Witness my hand this 27th day of September, A. D. 1887.                              "J. H. McMurtry.

"Witness:                                 •

       "J. S. Gregory."

It is admitted that the northeast quarter of the southeast quarter of section 11, town 9 north, range 6 east, was included by mistake in the deeds from the Hiltons. This being the case the deed conveying said land will be reformed so as to exclude it.

The second objection is, that the contract between Hilton *et al.* and Gregory and Crooker was personal in its nature, requiring the service of those parties, and therefore was not assignable. We are of the opinion that the contracts set forth in the record were of a confidential nature, the services to be performed by the parties who had undertaken to perform them, and said contract was not assignable. A party selects a lawyer, doctor, or member of one of the other professions, because he has confidence in his skill and ability to perform the duties which he undertakes. These duties imply trust and confidence, and the employe cannot shift the duties onto another person without the consent of the employer. The proof in this case wholly fails to show such assent. The rule in such case is stated in Pomeroy's Equity Jurisprudence as follows: "Where a person has entered into a contract involving a

personal trust or confidence in himself, and stipulating to use his own personal skill, knowledge, etc., he cannot, while the agreement is still executory, by assignment substitute another in his place in order to perform the service without the consent of the other contracting party." After the contract has been executed by himself he can assign the right to recover compensation. (*Flanders v. Lamphear*, 9 N. H., 201; *Bethlehem v. Annis*, 40 Id., 34, 40; *Burger v. Rice*, 3 Ind., 125; *Landsen v. McCarthy*, 45 Mo., 106; *Stevens v. Benning*, 6 De G., M. & G., 223.)

The contract is joint on the part of the defendants, and there has been a practical abandonment thereof. The plaintiffs, therefore, are entitled to a reconveyance of the property upon refunding the amount which these parties and McMurtry have paid as costs in the federal courts. This amount they are equitably entitled to receive, and as we cannot determine from the record the amount due, a reference will be ordered to take testimony and find and state the amount of legitimate costs paid by any of the parties in the case.

There is some claim that the plaintiff was exceedingly officious in the case, and there is some testimony tending to show that such was the fact. It must not be forgotten, however, that he deemed his interests of vital importance, and in his anxiety to protect them perhaps rendered more service than the necessity of the case required. We are not called upon to determine this matter, but it seems to be stated as a palliation or justification of the defendants.

The judgment of the district court is reversed, the deed including the forty acres of land, described in the opinion, will be reformed so as to exclude said land. The case will be referred to Samuel J. Tuttle, Esq., to take testimony and find the facts as above required, and report the same to this court within thirty days from this date, and upon the payment of the sum so found due, with interest thereon,

within a reasonable time, to be fixed by the court, said land will be reconveyed to plaintiffs by a deed of the same nature as that by which the land was conveyed to them.

DECREE ACCORDINGLY.

THE other judges concur.