For the reasons above stated, the decree of the district court is

AFFIRMED.

IN RE ESTATE OF MARIE BUDER.
H. G. WELLENSIEK, GUARDIAN AD LITEM, APPELLANT, V.
MARIA BRITZA, APPELLEE.

FILED MAY 18, 1928. No. 25098.

*H. G. Wellensiek,* for appellant.

*Claude S. Wilson* and *Albert S. Johnston, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

REDICK, District Judge.

An opinion was filed in this case January 24, 1928. Both parties have filed motions for rehearing. The motions will be overruled; but upon reconsideration of the case we have concluded that the opinion above mentioned should be withdrawn, and we will now proceed to a disposition of the case.

This is an appeal from a decree of distribution in the estate of Marie Buder, deceased; appellants, by their guardian *ad litem,* claiming to be heirs and entitled to one-

half the estate of the decedent. They were defeated in the county court and also in the district court and have brought the case here for review. The pleadings may be summarized as follows: Appellants, by guardian *ad litem,* filed their petition in the county court alleging that they were widow and children respectively of Christian Buder, since deceased; that said Christian and Maria Britza, *nee* Buder, were the only children and heirs at law of said Marie Buder, and prayed a distribution to them of one-half of the estate as the heirs of Christian Buder.

Maria Britza, appellee, filed an answer and cross-petition in effect admitting that she and Christian were the sole surviving children of Marie Buder, deceased, but alleged that in 1905, upon the death of Carl Buder, husband of Maria Buder, and upon the settlement of his estate, Maria Britza and Christian Buder, together with the widow, Marie Buder, and August Britza, husband of Maria Britza, entered into an agreement upon proper consideration whereby the said Maria Britza waived all her claim as heir in her father's estate, and Christian waived and released all his claims as future heir to his mother's estate; that upon the death of Marie Buder and on August 10, 1920, by the proper court in Germany to settle her estate, it was adjudged and determined that the contract above mentioned was valid, and the court issued its certificate to the effect that Maria Britza was the sole heir of Marie Buder. It was further alleged that January 4, 1924, appellants brought an action in the land court at Cottbus, Germany, against said Maria Britza and her husband to set aside the said certificate of inheritance and for a judgment that they were entitled to receive a share of the estate of said Marie Buder, deceased, and that February 12, 1924, said court entered a decree adjudging that the certificate of inheritance was valid and binding upon said appellants, and that Maria Britza was the sole heir of Marie Buder, and alleged that appellants were thereby estopped from claiming any interest in the estate of Marie Buder, and to deny that Maria Britza is the sole and only heir of said estate;

and prayed for the distribution of the entire estate to her.

The guardian *ad litem* for appellants filed a reply putting in issue generally the allegations of said answer, alleging that said certificate of heirship was false, based upon said alleged written agreement, and denying that said Christian Buder ever signed said agreement, but further alleged that said agreement was made without knowledge and in total ignorance of the bequest to Marie Buder hereinafter mentioned, and was without any consideration, and that the land court of Germany was without jurisdiction, as was also the court issuing the certificate of inheritance.

Marie Buder, the decedent, and Christian Buder were, and all of the parties claiming an interest in the estate are, citizens and residents of Germany and have never resided in the United States. The estate to be distributed consists solely of a legacy from Christian Neuman (the maternal uncle of Marie), who died February 12, 1916, to Marie Buder, decedent, in the sum of $25,000. Carl Buder, husband of Marie, died in 1905; Marie Buder died December 3, 1918, and Christian Buder died February 1, 1921, leaving appellants as his heirs.

The district court found in favor of Maria Britza, and dismissed the appeal of the guardian *ad litem,* and affirmed the judgment of the county court directing that all of the estate be assigned to Maria Britza. No motion for new trial was filed in the district court. The guardian appeals on behalf of his wards.

Copies of the record and proceedings of the German courts, including the certificate of inheritence and judgment of the land court, and a copy of the alleged contract were received in evidence by the district court, over objection of appellants that they were not properly certified or authenticated so as to be receivable in evidence.

The errors claimed and relied upon by appellants relate to rulings of the trial court upon the reception of evidence, the sufficiency of the evidence to support the decree, and the alleged illegality of the contract or release by Christian Buder of all interest in his mother's estate.

At the threshhold of this case, we are required to determine whether it is an action at law or a suit in equity; if an action at law then, in the absence of a motion for a new trial, by numerous decisions of this court, the only question before us is whether or not the judgment is supported by the pleadings, and we will not consider objections to the ruling of the lower court upon the reception of evidence, nor the question of whether or not the evidence is sufficient to support the judgment; *Summers v. Chisholm*, 89 Neb. 324; *Weller v. Sloan*, 91 Neb. 122; *In re Estate of Swan*, 82 Neb. 742, holding in such case that the sufficiency of the evidence is not before us for review. On the other hand, if it is a suit in equity, then we are required to try the same *de novo*, and while the absence of a motion for a new trial prevents consideration of errors in the reception of evidence, nevertheless the question whether or not the judgment is supported by sufficient competent evidence would remain and we would be required to examine the evidence upon that point.

What then is the nature of the case? The only question for the county court to determine was, who were the legal heirs of Marie Buder? This question is purely legal; no equitable considerations affect it, and in the absence of the alleged contract would be perfectly simple. One of the heirs presents the contract claiming that the other heir has thereby waived his right, and the defense to the contract is that it was not signed by the other heir, was without consideration, and was entered into in ignorance of certain facts which had no existence at the time, but occurred some eleven years later. The questions of the signing and consideration of the contract were purely legal, and the subsequent occurrence of unanticipated events, not provided for in the contract, could not affect its validity. It is suggested that, because the answer and cross-petition of appellee contained a plea of estoppel, the action is in equity. This was pleaded purely as matter of defense and did not convert the action from one at law to one in equity. *Raymond v. Toledo, St. L. & K. C. R. Co.*, 57 Ohio St. 271,

in which it was held: "Whether a case is one in equity or at law, does not depend upon the understanding of counsel, or of the trial court, nor upon the form of judgment rendered, but upon the nature of the action as shown by the pleadings." *Kostuba v. Miller*, 137 Mo. 161; *Kronson v. Lipschitz*, 68 N. J. Eq. 367; *Barnard v. German American Seminary*, 49 Mich. 444, in which it was said by Cooley, J.: "Courts of equity recognize them (estoppels *in pais*) in cases of equitable cognizance; but the courts of common law just as readily and freely"—citing cases. We are clearly of the opinion that this is an action at law, and that the only question for our determination would be whether the pleadings support the judgment. This would be answered in the affirmative, unless it must be held as a matter of law that the alleged contract which forms the basis of the decree is illegal, it being a release of a mere expectancy, and not of a present vested interest.

At common law such a release was void, but enforceable in equity if fairly made and supported by a sufficient consideration, upon the ground of estoppel. There is in this country some conflict in the authorities. A valuable discussion of the question is found in 9 R. C. L. 133-147. At page 143 (section 148) it is said:

"In passing on the question of the validity of an assignment or release of an expectancy by a prospective heir, the courts have not always distinguished clearly between the legal effect of the sale of his expectancy by a prospective heir to a stranger or person other than the ancestor, and the legal effect of a release of his expectancy by the heir to the ancestor himself. This apparent confusion of the two transactions is noticeable in the modern cases holding inoperative releases by prospective heirs to their ancestors"—citing note, Ann. Cas. 1913B, 451. "At common law a child could not release his interest in his parent's estate, because as he might never be the heir of his parent, he thus was considered as having nothing to release. This seems to be still the rule in some jurisdictions. But under the modern doctrine in most jurisdictions, such releases

will be enforced if fairly made and sustained by sufficient consideration. They usually operate by way of estoppel, and it has been held that this equitable defense by way of estoppel is cognizable by the court of probate."

We may assume, without examining the record, that the allegation of sufficient consideration for the contract in question was sustained by sufficient evidence to support the decree of the district court. The defense of estoppel was as cognizable by a court of law as one of equity. *Barnard v. German American Seminary, supra.* If the contract in question was valid either at law or in equity, it was a complete defense to claims of appellant. Furthermore, by the decree of the German court in the action brought by appellants, appellees are estopped to question the validity of the contract. And in 9 R. C. L. 144, sec. 149, the minority rule is stated: "In a few jurisdictions releases of expectancies of inheritance are not recognized, or at least are of questionable validity."

The legal situs of the fund constituting the legacy in question is in Germany, the domicile of the legatee under the familiar legal fiction that the situs of personal property follows the person. The actual fund is in this country and was in the hands of the alien property custodian at Washington at the time the administrator of the estate of Marie Buder was appointed in Clay county. Marie Buder died before receiving the legacy and, war with Germany intervening, payment was made to the alien property custodian by the executor of the estate of Christian Neuman. While Marie had no domicile in this state, nor any real or personal property actually located in Clay county where the administrator of her estate was appointed, and while Marie died at her domicile in Germany, there was at the time of her death a fund in the hands of the alien property custodian, to be distributed to her heirs when released by authority of the United States. This authority was given by section 3115½e, U. S. Comp. St. 1918, as amended March 4, 1923 (1925 Supp. to U. S. Comp. St. 207), permitting actions to be brought in the federal courts for the

recovery of funds in the hands of the custodian, and providing that the moneys shall be paid only to an administrator of the estate of a deceased claimant, appointed in the United States.

We think the county court of Clay county had jurisdiction to appoint the administrator in this proceeding for two reasons: (1) The fund in the hands of the custodian was ubiquitous, *i.e.,* it had its location in any state or county within the United States, and therefore was, constructively at least, in Clay county, which was a quite appropriate place to initiate these proceedings as the county from which the fund was taken in the first place by the custodian. *United States v. Tyndale,* 116 Fed. 820. And (2) the act above cited gave a cause of action, transitory in its nature, to the claimants of the fund, which presents a situation in line with our holdings in *Missouri P. R. Co. v. Lewis,* 24 Neb. 848, and *Missouri P. R. Co. v. Bradley,* 51 Neb. 596. The right of action so granted was sufficient to satisfy the requirement of the statute that a nonresident have property in this state to be administered. Having jurisdiction that court had the right, and it was required, to determine who were the heirs entitled to the estate and to make distribution thereof.

We conclude that the only question before us is whether the decree of the district court is supported by the pleadings, as to which there seems to be no question; and, therefore, our former opinion reversing the case for want of sufficient competent evidence to support the decree must be set aside. The effect of that opinion was to grant a new trial for reasons not open to our consideration in the absence of a motion for new trial.

It is therefore ordered that our former opinion be withdrawn and the judgment of the district court be affirmed in all particulars, and said district court directed to certify its decree to the county court of Clay county for further proceedings in conformity to this opinion.

AFFIRMED.