FRED BEEKMAN, APPELLANT, V. CORNHUSKER FARMS, A PARTNERSHIP, APPELLEE.

333 N.W.2d 918

Filed May 20, 1983. No. 82-332.

James G. Sharp of Everson, Noble, Wullschleger, Sutter, Sharp & Korslund, for appellant.

C. Kenneth Spady of McQuillan & Spady, P.C., for appellee.

BOSLAUGH, WHITE, and CAPORALE, JJ., and BURKHARD and FINN, D. JJ.

FINN, D.J.

This is an appeal from the District Court of Chase County, Nebraska. The District Court found for the defendant and against the plaintiff on a contract suit. Plaintiff, in his amended petition, makes claim against the defendant for services rendered pursuant to a written contract. The defendant answered by pointing out, as an affirmative defense, that some of the work done by the plaintiff was not work done under the written agreement and that since the suit was filed more than 4 years after the last payment was made on the agreement the action was barred by the statute of limitations. The District Court made specific findings to the effect that there were modifications to the written contract which were parol, and parol proof was required to prove the modifications. The District Court applied the rule classifying contracts as parol where parol evidence is required to prove the contract. The court then found that the claim of plaintiff was barred by the statute of limitations.

Plaintiff, Fred Beekman, assigns as error the following: (1) The court erred in applying the statute of limitations to the claim of plaintiff for the reason that all work performed by the plaintiff for defendant in 1975 was work done under the agreement. (2) The court erred in finding that modifications to the contract were parol; therefore, the contract is classified as a parol contract.

In 1974 Fred Beekman performed custom farming work for the defendant, Cornhusker Farms, Inc., under a verbal agreement. In the spring of 1975 the

parties entered into a written custom farming agreement, wherein the plaintiff agreed to farm approximately 20 circles of real estate for defendant. This agreement sets forth standard charges per acre for discing, cultivating, offset discing, application of anhydrous fertilizer, rotary hoe, planting corn, picking corn, harvesting (combining), stacking hay, and silage (forage chopping). Evidence submitted at the time of the trial would indicate plaintiff had the agreement drafted, and did so at the request of the Union Bank & Trust Company of Lincoln, Nebraska, because it was about to make a loan so that the plaintiff could purchase additional equipment. As it turned out, during the course of the summer, defendant had more circles of real estate to farm than the 20 circles referred to in the agreement. Some of the farming was done by the plaintiff and some by other custom farmers.

During the course of the farming season, plaintiff and defendant's manager agreed upon the amount of work which had been done, and the agreement was placed on a "purchase order" or "ticket."

A comparison of exhibits 2 and 3, exhibit 3 containing an itemization of the work plaintiff alleges he did for the defendant, with exhibit 1, the custom farming agreement, would indicate that the plaintiff did work for the defendant which was not contemplated under the custom farming agreement. Exhibit 2 is an assignment of interest dated May 30, 1975. This assignment purports to pay to Union Bank & Trust Company a security interest in moneys which are due and will be due for farming services performed by Beekman on 39 quarters for Cornhusker Farms. The custom farming agreement, dated April 22, 1975, referred to farming about 20 circles of real estate. The record would reflect that parol proof was required to prove the subsequent parol agreements for the subsequent modifications to the written custom farming agreement. The question, then, is whether parol modification of a written agreement

results in the entire agreement being treated as a parol agreement for purposes of the statute of limitations.

In *Naeve v. Shea*, 128 Neb. 374, 380, 258 N.W. 666, 668 (1935), the court said: " 'A contract partly in writing and partly oral is, in legal effect, an oral contract. It occurs where an incomplete writing, or one expressing only a part of what is meant, is by oral words rounded into the full contract; or where there is first a written contract, and afterwards it is changed orally.' "

The court cited *Naeve v. Shea* in *Grant v. Williams*, 158 Neb. 107, 114, 62 N.W.2d 532, 536 (1954), wherein this court said: "A contract is unwritten if it cannot be wholly proved by a writing or writings. If there is anything that must be supplied by parol evidence to make it a binding obligation an action upon it is not one on a written instrument. . . ."

. . . .

". . . '* * * if the contract be partly oral and partly in writing or if a written agreement is so indefinite as to necessitate a resort to parol testimony to make it complete, the * * * statute of limitations concerning "contracts not in writing" would be applicable just as though the contract had rested entirely in parol.' "

The record in this case clearly reflects that the custom farming agreement was either modified by subsequent parol agreements which could only be proved by parol evidence or that the claims of plaintiff against the defendant were based upon separate and independent parol agreements; and in either event it would be this court's holding that if the contract be partly oral and partly in writing and the terms thereof so indefinite as to necessitate parol testimony, the statute of limitations pertaining to parol agreements is applicable.

For this reason this court affirms the decision of the lower court.

AFFIRMED.