HAROLD W. PETERSON ET AL., APPELLEES, V. EUGENE J. HYNES ET AL., APPELLANTS, BANK OF STAPLETON, A BANKING CORPORATION, ET AL., APPELLEES.

371 N.W.2d 664

Filed August 2, 1985. No. 84-262.

James E. Schneider of Schneider & Fugate, P.C., and Mary Cannon Veed of Matthews & Cannon, P.C., for appellants.

John Wightman, for appellees Peterson.

BOSLAUGH, WHITE, and HASTINGS, JJ., and BRODKEY, J., Retired, and FAHRNBRUCH, D.J.

FAHRNBRUCH, D.J.

Plaintiffs, Harold W. and D. Lucille Peterson, as assignees, brought a law action to recover amounts claimed due under a consulting services agreement entered into in connection with the sale of a bank holding company. After a bench trial the court granted plaintiffs judgment for $36,000 together with prejudgment interest against three of the defendants who are appellants here. Other defendants were dismissed from the action. The judgment of the trial court is affirmed.

There is no dispute that as of January 17, 1978, plaintiffs' assignors, Larry G. Boesen and Randel K. Boesen, were the owners of all of the stock of Stapleton Investment Co., a bank holding company, which, in turn, owned the Boesen Insurance Agency and virtually all of the stock of the Bank of Stapleton, both of which were located at Stapleton, Nebraska. Neither is there any dispute that the Boesens, by written agreement, granted the defendants Richard A. Polk and Eugene J. Hynes an option on January 17, 1978, to purchase all of the Boesens' stock in the holding company. As a matter of fact, the agreement recited that the sum of $210,000 to be paid by defendant Polk had previously been paid through a transfer of 1,685 acres of real estate. The agreement further provided that the Boesens were to be hired as consultants for the Bank of Stapleton for a period of 40 months for the consideration of $500 per month each, for a total of $40,000.

On January 21, 1978, Polk and Hynes, for valuable consideration, entered into a written agreement with the defendant Michael W. Brosius whereby the three of them agreed to exercise the option and purchase the Stapleton Investment Co. stock. Each of the three was to have a one-third

interest.

At the time of closing the sale on March 29, 1978, the Boesens were presented with a proposed installment purchase contract by Polk, Hynes, and Brosius, all of whom were present. One of the Boesens complained that the contract made no reference to the consulting services provision. Hynes, one of the purchasers and a lawyer who prepared all of the documents, agreed to prepare another document which he said would be considered an addendum to the installment purchase contract. Hynes then typed an agreement containing the consulting services provision. The installment purchase contract was signed by all the parties. The addendum was signed by the Boesens and by Hynes on behalf of himself and Polk. These two documents related to the same transaction, the purchase of the holding company stock, and were in the contemplation of the parties at the time of the signing of the installment purchase contract. They, therefore, are to be considered as one document.

The appellants contend that the consulting agreement must stand alone and that if unambiguous, parol evidence is not admissible to consider it as a part of the installment purchase contract, and vice versa. That position is in error. Generally, in the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction, are legally one instrument and will be construed together as if they were as much one in form as they are in substance. Generally, parol evidence is admissible for the purpose of explaining and showing the true nature of the transaction between the parties. *Bando v. Cole,* 197 Neb. 722, 250 N.W.2d 651 (1977), citing *Pike v. Triska,* 165 Neb. 104, 84 N.W.2d 311 (1957), and *Olds v. Jamison,* 195 Neb. 388, 238 N.W.2d 459 (1976).

Defendant Brosius asserts that since he did not sign the "addendum," he should not be liable on the consulting services agreement. He claims that the agreement for consulting fees provided that the services would not be performed within 1 year and that the statute of frauds requiring that a contract not be performed within 1 year is invalid unless in writing. The cited statute of frauds has no application here. By his own testimony

Brosius was aware of the existence of the provision for consulting services when he entered into the written agreement with Hynes and Polk to join in the exercise of the option; he was present and aware of the provision at the closing on March 29, 1978; and, more importantly, he was aware when he signed the installment purchase contract on March 29, 1978, that a written agreement containing the consulting provision would be an addendum to the installment purchase contract. ·They constitute but one agreement. The provision was in writing. When Brosius signed the installment purchase contract, knowing the contents of the addendum and that it was intended to be a part of the installment purchase contract, he obligated himself in writing for consulting services.

The evidence is conflicting as to whether the Boesens provided consulting services to the Bank of Stapleton. The trial court accepted the Boesens' version that after the closing of the installment purchase contract and addendum, the Boesens were told by Hynes on March 29, 1978, that their services were no longer needed and that the Boesens were never called upon to provide consulting services. The Boesens were paid $4,000 pursuant to the consulting agreement, after which they received no further payments even after demand for payment. The Boesens were terminated without cause and thereafter had no obligation to offer their services. After not calling upon the Boesens for consulting services, the defendants cannot now complain that the Boesens failed to perform the services required in the agreement.

The trial court in a law action determines the credibility of the witnesses and the weight to be given their testimony. The findings of fact·of a trial court in a law action will not be set aside unless clearly wrong. On appeal, controverted facts will be viewed in the light most favorable to the successful party and that party will be given the benefit of every inference available from the record. *Omaha World-Herald Co. v. Nielsen, ante* p. 294, 369 N.W.2d 631 (1985). The findings of the trial court were not clearly wrong. The fact that some of the defendants' defenses are equitable does not convert the case from a law to an equity action where the review is de novo. *In re Estate of Buder*, 117 Neb. 52, 219 N.W. 808 (1928).

By way of further defense all of the appellants claim they are not liable to the plaintiffs because an employment contract requiring personal services cannot be assigned. The Boesens did not assign their obligation to perform consulting services. The only thing the Boesens assigned under their written agreement with the plaintiffs was the unpaid price to which they would be entitled for those services. The Boesens covenanted to fulfill any obligations under the consulting services agreement.

The general rule is that the right to receive money due or to become due under an existing contract may be assigned even though the contract itself may not be assignable. A contract to pay money may be assigned by the person to whom the money is payable, unless there is something in the terms of the contract manifesting the intention of the parties that it shall not be assigned. This is true of money due or to become due under a contract involving personal skill, service, or confidence; the party who has performed such obligations, or who has contracted to do so, may assign his right to the money earned or which he is to earn, although the contract itself is not assignable.

6 Am. Jur. 2d *Assignments* § 16 at 200-01 (1963).

In this case the provision for consulting services did not prohibit the Boesens from assigning the proceeds from the consulting services agreement. Defendants contend that the cases of *Hilton v. Crooker*, 30 Neb. 707, 47 N.W. 3 (1890), and *Whitney v. Combe*, 151 Neb. 401, 37 N.W.2d 613 (1949), support defendants' contention that the personal service agreement cannot be assigned. Those cases are distinguishable on the facts from this case. In *Hilton v. Crooker*, there was an attempt to assign the obligation and not merely the proceeds.

Defendants claim that the trial court erred in allowing prejudgment interest in this case. The damages were liquidated, since the amounts due at times of payment were expressly set forth in the contract and the unpaid amounts were readily determinable. Under the facts of this case the Petersons, as assignees, are entitled to the unpaid contract price as specified in the consulting services agreement. *Schlueter v. School Dist. No. 42*, 168 Neb. 443, 96 N.W.2d 203 (1959). There was no reasonable controversy over the plaintiffs' right to recover. See

*Land Paving Co. v. D. A. Constr. Co.*, 215 Neb. 406, 338 N.W.2d 779 (1983).

In all, the defendants claimed 18 errors in the trial of the case. Some of those claimed errors were overlapping or duplicative. We have reviewed all of the alleged errors not discussed in this opinion and find them to be without merit.

The judgment of the trial court is affirmed.

AFFIRMED.