Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/13/2021 08:08 AM CDT

Aurora Technology, Inc., appellant,
v. Frank Labedz and Sherri
Labedz, appellees.

___ N.W.2d ___

Filed June 29, 2021.    No. A-20-846.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm
a lower court's grant of summary judgment if the pleadings and admit-
ted evidence show that there is no genuine issue as to any material facts
or as to the ultimate inferences that may be drawn from the facts and
that the moving party is entitled to judgment as a matter of law.

2. ____: ____. In reviewing a summary judgment, an appellate court views
the evidence in the light most favorable to the party against whom the
judgment was granted, and gives that party the benefit of all reasonable
inferences deducible from the evidence.

3. **Limitations of Actions.** Which statute of limitations applies is a ques-
tion of law.

4. **Judgments: Appeal and Error.** An appellate court reaches a con-
clusion regarding questions of law independently of the trial court's
conclusion.

5. **Contracts: Proof: Limitations of Actions.** A contract is unwritten if
it cannot be wholly proved by a writing or writings. If the contract is
partly oral and partly written or if a written agreement is so indefinite as
to necessitate a resort to parol testimony to make it complete, the statute
of limitations concerning contracts not in writing would be applicable
just as though the contract had rested entirely in parol.

6. **Contracts.** Parol acceptance of an offer in writing does not give rise
to an agreement or contract in writing within the purview of Neb. Rev.
Stat. § 25-205 (Reissue 2016).

7. **Summary Judgment.** In the summary judgment context, a fact is mate-
rial only if it would affect the outcome of the case.

- 34 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
AURORA TECHNOLOGY v. LABEDZ
Cite as 30 Neb. App. 33

Appeal from the District Court for Douglas County: Timothy P. Burns, Judge. Affirmed.

Kathryn J. Derr, of Berkshire & Burmeister, for appellant.

Craig Martin and Daniel J. Hassing, of Lamson, Dugan & Murray, L.L.P., for appellees.

Riedmann, Arterburn, and Welch, Judges.

Riedmann, Judge.

## INTRODUCTION

Aurora Technology, Inc. (Aurora), appeals the order of the district court for Douglas County granting summary judgment in favor of Frank Labedz and Sherri Labedz (collectively Labedz) on the basis that the 4-year statute of limitations for oral contracts barred Aurora's breach of contract and unjust enrichment claims. We find that the district court did not err in its decision and therefore affirm.

## BACKGROUND

Aurora is a Nebraska corporation formed in 2004. In late 2011, Labedz began communicating with Aurora for the purpose of having Aurora install an "intelligent home system" in Labedz' condominium. On March 19, 2012, Aurora and Labedz signed a contract. Under the heading "Scope of Contract," the document states that Aurora will "provide the design, equipment, and labor required to complete [the] project to the specifications & descriptions agreed upon in the documents, attached hereto and incorporated herein." The contract does not contain any further details outlining the work Aurora agreed to complete for Labedz nor does it include any costs associated with the work. There were no documents attached to the contract or specifically incorporated into it.

The contract also includes a section regarding change orders, describing that a change order is "work that is added

- 35 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
AURORA TECHNOLOGY v. LABEDZ
Cite as 30 Neb. App. 33

to or deleted from the original scope of work of a contract, which alters the original contract amount or completion date." The contract also provides that all change orders will be "written or electronic" and that verbal change requests will not be acted upon without written or electronic documentation. There were no change orders completed on this project.

Christopher Tyler is the president of Aurora. At Tyler's deposition, he described the written contract as the "beginning contract, the initial contract" and testified that it partially controlled the relationship between Aurora and Labedz but that there were also "a lot of oral discussions" between the parties throughout the duration of the project. Tyler explained that his purpose in drafting the contract was to give Aurora and Labedz "a starting point of what may be done."

According to Tyler, at the time the parties signed the contract, he also provided Labedz with a proposal for the equipment and labor involved for lighting work and for window shade work. Neither of these proposals, which are both dated March 19, 2012, is signed by either party. The total projected cost for the work contained in these two proposals was $29,972.71. The record also includes five proposals dated June 11, 2012; one proposal dated July 27, 2012; and two proposals dated October 15, 2014, that Aurora created for various aspects of the Labedz project. Tyler testified that Labedz approved some of these proposals, modified some of them, and rejected some of them. Tyler was unable to recall if he ever presented one of the June proposals to Labedz. At Frank's deposition, he was asked whether, over time, he received certain written proposals from Aurora. He recalled "getting a set of documents in conjunction with the contract" that detailed certain work.

Tyler explained that, generally speaking, he would usually communicate with his clients via verbal discussions and receive verbal approval for certain work. With respect to Labedz, Tyler acknowledged that a lot of the work he did for

- 36 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
AURORA TECHNOLOGY v. LABEDZ
Cite as 30 Neb. App. 33

this project was done pursuant to an oral acceptance from Labedz. He described numerous parts of the project that were done pursuant to oral agreements between Aurora and Labedz, including, for example, installation of a curved television, setting up cable products and services, troubleshooting certain issues, unloading a mirror, "fish[ing] wires" for an office television, and moving and installing "therm/HVAC."

Throughout the project, Aurora periodically requested payments, and Labedz generally made payments as requested. In total, Labedz paid more than $200,000 to Aurora. Ultimately, Aurora submitted invoices to Labedz indicating that there was a total remaining unpaid balance of $125,232.10.

Labedz declined to pay the remaining balance, and the parties agree that their relationship terminated by February 13, 2015. On May 1, 2019, Aurora filed a complaint in the district court against Labedz alleging breach of contract and unjust enrichment. Labedz filed an answer and asserted, as an affirmative defense, that Aurora's claims were barred by the statute of limitations. Labedz thereafter filed a motion for summary judgment.

After holding a hearing on the motion, the district court entered a written order. The court recognized that the parties agree that Aurora's claims accrued no later than February 13, 2015, and that the action was commenced on May 1, 2019, which is more than 4 years but less than 5 years after the parties' relationship ended; therefore, the question of whether Aurora's claims were barred by the statute of limitations depends upon which statute applies. Neb. Rev. Stat. § 25-206 (Reissue 2016) provides that an action upon a contract, not in writing, express or implied, can only be brought within 4 years. However, a 5-year statute of limitations applies for contracts in writing. See Neb. Rev. Stat. § 25-205 (Reissue 2016). The district court, therefore, observed that if the parties' relationship was governed by a contract that was not in writing, the 4-year statute of limitations applies and Aurora is precluded from bringing its breach of contract claim.

- 37 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
AURORA TECHNOLOGY v. LABEDZ
Cite as 30 Neb. App. 33

On this question, the district court noted that although the written contract indicated that documents were attached and incorporated, no documents or other materials were attached to the contract. In addition, the contract did not include any provision explaining the nature and scope of the work that Labedz would be required to pay for, nor how much the various services would cost. Thus, in order to determine the amount Labedz owed under the contract, the court would be required to look to extrinsic evidence, including oral agreements. The court recognized that Labedz admitted that he received additional documents associated with the contract, but found that even assuming those documents were part of the contract, some of the allegedly unpaid balances accrued pursuant to verbal agreements.

Relying on Nebraska case law, the district court determined that the agreement, which was partly oral and partly written, was properly considered to be an oral agreement; thus, Aurora's breach of contract claim was subject to the 4-year statute of limitations. As such, the claim was time barred. The court also found that the statute of limitations for Aurora's unjust enrichment claim was 4 years and that therefore, it was untimely as well. Accordingly, the district court granted the motion for summary judgment and dismissed Aurora's claims. Aurora appeals.

## ASSIGNMENTS OF ERROR

Aurora assigns that the district court erred in (1) finding on summary judgment that the 4-year statute of limitations under § 25-206 applies to bar this breach of contract action and (2) finding that no genuine issues of material fact exist to prevent determination of the applicable statute of limitations at the summary judgment stage.

## STANDARD OF REVIEW

[1,2] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence

- 38 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
AURORA TECHNOLOGY v. LABEDZ
Cite as 30 Neb. App. 33

show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Churchill v. Columbus Comm. Hosp.*, 285 Neb. 759, 830 N.W.2d 53 (2013). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence. *Id.*

[3,4] Which statute of limitations applies is a question of law. *Id.* We reach a conclusion regarding questions of law independently of the trial court's conclusion. *Id.*

## ANALYSIS

*Statute of Limitations.*

Aurora asserts that the district court erred in applying the 4-year statute of limitations for oral contracts found in § 25-206 rather than the 5-year statute of limitations for contracts in writing found in § 25-205. Aurora claims, stated differently, that the court erred in classifying the contract as an oral contract as opposed to a written contract. We disagree.

[5] A contract is unwritten if it cannot be wholly proved by a writing or writings. *Grant v. Williams*, 158 Neb. 107, 62 N.W.2d 532 (1954). If there is anything that must be supplied by parol evidence to make it a binding obligation an action upon it is not one on a written instrument. *Id.* If the contract is partly oral and partly written or if a written agreement is so indefinite as to necessitate a resort to parol testimony to make it complete, the statute of limitations concerning contracts not in writing would be applicable just as though the contract had rested entirely in parol. *Id.*

The Nebraska Supreme Court in *Grant v. Williams, supra*, found that the action before it was not based upon an agreement in writing because the writing did not contain a promise to pay any amount and stated no fact from which the law

- 39 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
AURORA TECHNOLOGY v. LABEDZ
Cite as 30 Neb. App. 33

implied an obligation to pay any amount. The action was therefore subject to the 4-year statute of limitations for oral contracts.

The Supreme Court addressed a similar question in *Beekman v. Cornhusker Farms*, 214 Neb. 418, 333 N.W.2d 918 (1983). There, the plaintiff and defendant entered into a written agreement for farming work, which set forth a description of the work and standard charges for it. The parties made subsequent modifications to the agreement by parol agreements. On appeal, the Supreme Court framed the issue as whether parol modification of a written agreement results in the entire agreement being treated as an oral agreement for purposes of the statute of limitations. Relying in part on *Grant v. Williams, supra*, the Supreme Court found that the record reflected that the farming agreement was either modified by subsequent parol agreements which could only be proved by parol evidence or that the plaintiff's claims were based upon separate and independent parol agreements. Thus, in either event, it held that because the contract was partly oral and partly written and the terms thereof so indefinite as to necessitate parol testimony, the statute of limitations pertaining to parol agreements was applicable.

Likewise, in the present case, although there is a written contract between the parties, parol evidence is necessary in order to establish the terms of the agreement. Pursuant to the contract, Aurora was to provide the design, equipment, and labor required to complete the project, but parol evidence is necessary to determine the scope of the work to be completed and the cost of such work. Because Aurora's claim is based on Labedz' failure to pay certain costs associated with the project, we must turn to parol evidence to establish whether Labedz agreed to that particular work at that particular cost in order to determine the validity of Aurora's claim. In other words, the writing itself does not contain a contract or promise to do the thing for the nonperformance of which the action

- 40 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
AURORA TECHNOLOGY v. LABEDZ
Cite as 30 Neb. App. 33

is brought, and the terms of the agreement in writing are so indefinite as to necessitate parol evidence. Because there are parts of the agreement that must be supplied by parol evidence to make it a binding obligation, an action upon it is not one on a written instrument. See *Grant v. Williams*, 158 Neb. 107, 62 N.W.2d 532 (1954). Therefore, the statute of limitations for oral contracts provided by § 25-206 applies to bar Aurora's claim.

Aurora asserts that the contract should be considered to be in writing because the written contract incorporated attachments, including the proposals and invoices. Aurora argues that a detailed description of the goods, services, and costs for each project are set forth in the invoices it sent to Labedz and that as a party to the contract, Labedz was aware of the goods and services to be provided by Aurora and no further detailed description was necessary.

The written contract states only that Aurora would "provide the design, equipment, and labor required to complete [the] project to the specifications & descriptions agreed upon in the documents, attached hereto and incorporated herein." As the district court found, there were no documents attached to or specifically incorporated into the contract. Aurora highlights, and we agree, that generally, in the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction, are legally one instrument and will be construed together as if they were as much one in form as they are in substance. See *Peterson v. Hynes*, 220 Neb. 573, 371 N.W.2d 664 (1985).

Viewing the evidence in the light most favorable to Aurora, we determine that the March 19, 2012, proposals could be considered to be incorporated into the written contract because they were executed at the same time, by the same parties, and in the course of the same transaction and because Tyler asserted that he provided them to Labedz along with the

- 41 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
AURORA TECHNOLOGY v. LABEDZ
Cite as 30 Neb. App. 33

contract. Therefore, the extent of the parties' agreement in writing was for the work detailed in the two March proposals, which totaled $29,972.71.

[6] However, the work that Aurora performed for Labedz and for which it sought payment went far beyond that which is described in those two proposals. The remaining proposals were not executed at the same time as the written contract nor did Labedz agree to all of the work set forth therein. Tyler testified that with regard to the later proposals, there were some that Labedz approved, some that were modified, and some that were rejected. In fact, Tyler was unable to recall if he ever presented one of the June proposals to Labedz. At best, we could consider the remaining proposals to be written offers, and the acceptance of any of the offers was parol. Parol acceptance of an offer in writing does not give rise to an agreement or contract in writing within the purview of a statute of limitations applicable to written contracts. See *Kingman v. Davis*, 63 Neb. 578, 88 N.W. 777 (1902). We therefore do not consider the remaining proposals to be incorporated into the written contract or to evidence an agreement in writing.

Furthermore, we do not agree that the invoices form part of the written contract, because they were created after the work was completed and do not establish an agreement between the parties. Indeed, the fact that Labedz objected to certain invoices and refused to pay them is what led Aurora to commence the present action. Accordingly, the agreement in writing is limited, at best, to the costs detailed in the March 2012 proposals, and any agreement beyond that necessitates parol evidence. The contract therefore is partly oral and partly written. As such, it is properly considered to be an oral contract subject to the 4-year statute of limitations.

Although Aurora also sought recovery under a theory of unjust enrichment and the district court found the claim was time barred, Aurora has not appealed this issue. We therefore do not address the unjust enrichment claim.

- 42 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
AURORA TECHNOLOGY v. LABEDZ
Cite as 30 Neb. App. 33

*Genuine Issues of Fact.*

Aurora also argues that there were genuine issues of material fact present that preclude determination of the applicable statute of limitations at the summary judgment stage. It specifically alleges that questions of fact exist as to (1) whether the parties intended to include in the contract matters expressed in the proposals and emails, (2) whether the writings were intended as the final agreement between the parties, (3) whether other separate oral agreements between the parties exist and whether those oral agreements were intended as separate contracts or modifications to the original written agreement, and (4) whether the emails exchanged between the parties discussing their oral conversations were sufficient to create written modifications to the contract and/or written confirmation of oral agreements to provide additional or different goods and services.

[7] To the extent any of these factual issues exist, we disagree that they are material such that they preclude entry of summary judgment in favor of Labedz. In the summary judgment context, a fact is material only if it would affect the outcome of the case. *Pitts v. Genie Indus.*, 302 Neb. 88, 921 N.W.2d 597 (2019). The question here is whether the agreement between the parties is oral or written for purposes of determining the applicable statute of limitations. The written contract does not specifically describe the work Aurora was to complete or the cost of such work beyond the March 2012 proposals. Tyler acknowledged that much of the work he did for this project was done pursuant to an oral acceptance from Labedz, and he described numerous parts of the project that were done pursuant to oral agreements.

Thus, even if the factual issues that Aurora highlights exist, the uncontroverted evidence establishes that parts of the agreement remain oral. Therefore, the contract is properly considered to be an oral contract, for which the 4-year statute of limitations applies. Accordingly, there is no genuine issue

- 43 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
AURORA TECHNOLOGY v. LABEDZ
Cite as 30 Neb. App. 33

of material fact affecting determination of the proper statute of limitations to be applied here. The district court therefore did not err in finding that Aurora's action was time barred and in granting the motion for summary judgment.

## CONCLUSION

We conclude that the district court did not err in applying the 4-year statute of limitations set forth in § 25-206; therefore, Aurora's breach of contract action was time barred and we affirm the district court's order.

Affirmed.